(No. 26379.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT NICHOLS, Plaintiff in Error.

*Opinion filed Nov. 24, 1941—Rehearing denied January 15, 1942.*

STEPHEN LEE, and LOUIS L. GOULD, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

On a trial in the criminal court of Cook county without a jury, plaintiff in error Robert Nichols, otherwise known as William DeFrance, was found guilty of "robbery with a gun" and sentenced to the penitentiary for one year to life. He sued a writ of error out of this court to review the record of conviction.

About 10:30 P. M. on the evening of May 16, 1940, Mabel Mudge and Helen Sorenson were sitting in the rear seat of their automobile parked near 3140 Indiana avenue, Chicago, waiting for their husbands to return from

making a business call. With the exception of the rear window near Mrs. Sorenson all the doors and windows of the automobile were closed and locked. This window was lowered two or three inches from the top. Two men appeared, one on either side of the autmobile and one of them inserted a gun in the window that was open. The women were commanded to hand out their purses. Before they had time to do so the gun was fired, the bullet striking the rear window frame and lodging in the upholstering on the back of the rear seat. Both men then appeared on the side of the car where Mrs. Mudge was seated and she opened the door and handed her purse to a man whom she identified on the trial as being plaintiff in error, who is a colored person. Mrs. Mudge testified the lights on the automobile were off but a street light near the rear of the car made it light in that vicinity. She described the robber as wearing a gray hat and some kind of a jacket or coat. The purse taken contained $15 in money, some minor personal effects and a calling card bearing her name, address and telephone number.

Mrs. Mudge received a telephone call at her home May 29, following, from a man who told her she did not know him, that he was colored, his name was William DeFrance, he was five feet eight or nine inches tall, was slender and that he wanted to know if she was all right. She received other telephone calls on May 31, June 1, 3 and 5. Immediately after the first call, Mrs. Mudge reported the incident to the police and Helen Bowdon, a policewoman of the police department of the city of Chicago, was assigned to Mrs. Mudge's home to work on the case. In each of the conversations the one calling endeavored to arrange to meet Mrs. Mudge. There is no direct evidence as to Mrs. Mudge's race but inferentially it appears that she was white. In the telephone conversation on the morning of June 5, Mrs. Mudge agreed to meet the man talking and he directed her to go to an apartment

on the second floor at 6014 Vernon avenue. He told her to ring the doorbell and go up to the second floor and he gave her instructions how to get there on the elevated train and to get off at Sixty-first street. He gave her the telephone number for that place and said he would meet her there. The place designated was the home of J. W. Peacher, colored, and he testified that on June 5, about 11:00 o'clock A. M., plaintiff in error came to his home and when he invited him to stay plaintiff in error said he did not have time, that he had a "blind date."

Helen Bowdon left Mrs. Mudge's home shortly before 11:00 o'clock A. M. to keep the appointment to meet the man at the designated place on Vernon avenue. Soon after she left the elevated train at Sixty-first street Mrs. Bowdon met plaintiff in error who asked her if she was Mrs. Mudge. She told him that she was and he said "I am Bill DeFrance, the fellow that has been calling you up." He was immediately arrested and taken to the police station. At a "show-up" at the police station where plaintiff in error, Peacher, Lonny Davis and two other colored men were present, Mrs. Mudge identified plaintiff in error as the man who took her purse on the night of May 16.

On the trial plaintiff in error denied having committed the robbery or of having the telephone conversations with Mrs. Mudge. He introduced the evidence of several character witnesses, all of whom testified to his previous good reputation as a peaceable and law-abiding citizen. Plaintiff in error resided on Indiana avenue near where the automobile was parked when the robbery occurred, and relatives and others who were present at his home that night testified that he did not leave his home the night of the robbery.

It is contended there was prejudicial error in the admission of Mrs. Mudge's testimony as to the telephone conversation for the reason that there was not sufficient identification of plaintiff in error as the one carrying on

the conversation. The rule is that telephone conversations, the substance of which is relevant and material to the issues, are competent provided the identity of the person with whom the conversation was had is established by direct evidence or facts and circumstances. *People* v. *Powloski*, 311 Ill. 284.

Mrs. Mudge testified that each telephone conversation was in the same voice and that on each occasion the man talking to her said he was William DeFrance. The inquiry plaintiff in error made of Mrs. Bowdon when he met her near the Sixty-first street station and asked her if she was Mrs. Mudge, and his statement that he was William DeFrance, the one who called her on the telephone, identified him as the man who had carried on the telephone conversations with Mrs. Mudge. A further corroboration of his identification arises from the testimony of Peacher, when he quotes plaintiff in error as saying he had a "blind date." These facts and other circumstances shown were sufficient to supply the required foundation for the introduction of Mrs. Mudge's evidence as to the telephone conversation. *People* v. *Powloski, supra; Andrews* v. *United States,* 78 Fed. (2) 274.

Mrs. Bowdon testified that while she was at Mrs. Mudge's home she went to a telephone in another apartment, which phone was connected with the one in Mrs. Mudge's apartment, and that she heard the conversation that Mrs. Mudge had on June 5. She testified the voice on the phone was the same as plaintiff in error's when he told her near the Sixty-first street station that he was William DeFrance, the one who had been telephoning. It is claimed her evidence on this point is so incredible that it is unworthy of belief. Under the facts stated, such evidence was admissible and the weight to which it was entitled was a question for the trial court trying the case without a jury.

Mrs. Bowdon was interrogated as to what she did on June 3 and 4 at the Mudge home relative to tracing the

telephone call. Complaint is made of the introduction of such evidence. The trial court limited the evidence to what the witness did and she was not permitted to relate any conversation had with the telephone operator. There was no error in admitting such testimony.

Plaintiff in error makes the further claim that in finding him guilty the presumption of innocence was taken from him and that he was not proved guilty beyond a reasonable doubt. The evidence has been set forth at length and from all the facts and circumstances shown we are satisfied the plaintiff in error had a fair trial and that the evidence establishes his guilt beyond a reasonable doubt.

The judgment of the criminal court was correct and is affirmed.

*Judgment affirmed.*