THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIVIAN ROGERS, Defendant-Appellant.

(No. 71-105; )

Third District—August 16, 1972.

Walter Braud, of Rock Island, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

The defendant Vivian Rogers, was indicted in the Circuit Court of Rock Island County for the offense of Unlawful Sale of a Narcotic Drug. She was found guilty by a jury and was sentenced to a term of one to three years. She prosecutes this appeal contending that the conviction was obtained by entrapment in that the narcotics were furnished by the State's agent, an informer.

On January 7, 1972, Daniel Pavichevich, an agent of the Illinois Bureau of Investigation came to defendant's home with one Mike Neice, alias Joe McDonald, a special police employee who we shall hereinafter call the Informer.

The agent and the Informer met earlier at a motel where the Informer proposed a possible "buy" from Tremere Rogers, husband of the defendant. The Informer, a user of Heroin, was then under indictment for two separate sales of heroin. He was not paid any money, but the charges were later reduced and he was given probation.

The agent and the Informer (with an outside surveillance crew) arrived at the home of Tremere Rogers to learn that he was not at home.

After entering and waiting 30 to 45 minutes while the defendant attempted to reach her husband by telephone, conversation was commenced between the Informer and the defendant as a result of which heroin was produced by the defendant and delivered to the agent. One hundred twenty-five dollars was given to defendant who placed it on the kitchen table.

The defendant, a housewife and mother, had no previous adverse contacts with law enforcement, there was no suspicion for believing that she was engaged in unlawful activities.

The defendant, who had known the Informer for nearly a year as a friend of her husband, testified that when the conversation was commenced between herself and the Informer in the next room, but in the hearing range of the agent, that then the Informer asked her to *get something that he had left in a drawer in the husband's bedroom when he had visited her husband a day or two before.* She further testified that at first she refused but finally and reluctantly searched for and found a foil wrapped packet which she gave to the Informer, that she did not take the money which was placed on the table and it was reclaimed the next day by the Informer.

The Informer was available to the prosecution but was not called to refute the defendant's testimony if false. Defendant had made a preliminary motion to require the prosecution to call the Informer, which motion was denied. It was the policy of the State's Attorney's office not to call informers in any case.

The agent was called on rebuttal but did not refute or controvert defendant's testimony as to her conversation with the Informer.

In *People v. Strong*, 21 Ill.2d 320, the unrebutted testimony of the defendant was that the Informer had provided the narcotics which were used as a basis for the charge of illegal sale. The State failed to call the Informer as a witness (he was the only person who could have refuted the testimony of defendant, if false). The court found that this plus some corroboration by the agent as to opportunity for the Informer to have planted the goods plus the fact that on two occasions over three months apart, after the event, the agent endeavored to purchase dope from defendant without success all gave rise to an inference from which the court found " * * * the record as a whole tends to show that defendant's only sale was of narcotics supplied to him by an Informer in the employ of the government. This constitutes a valid defense of entrapment and the defendant should have been discharged."

The inference arising from failure to call the witness was bolstered by other circumstances tending to suggest entrapment.

In *People v. Jones*, 73 Ill.App.2d 55, the defendant, who had no prior

involvement delivered an unopened package to the Informer in the presence of a police officer who she recognized as such. The Informer was an addict under indictment for narcotic violations. The court relied on *Strong* and held that the conviction must be reversed where the State failed to controvert defendant's testimony that the Informer supplied the narcotics which appeared to be the subject of the illegal sale. Again the inference was bolstered by other circumstances.

In *People v. Carmichael*, 80 Ill.App.2d 293, the Informer did take the stand but failed to controvert the defendant's testimony as to how the narcotics came to be in his apartment (left there by the Informer). Again the court reversed stating, "Equally important is the weight to be given an Informer's testimony when it fails to controvert the defendant's testimony on vital aspects of the case."

We believe that the failure to call the Informer, when bolstered by the failure of the agent to controvert any part of the defendant's testimony when he was on rebuttal, plus the facts that; accused had no previous criminal record or reputation; there was no suspicion that she was engaged in unlawful activities; that the proposed "buy" was to be from her husband; and that the Informer was an addict, under indictment for two separate offenses, requiring at that time a minimum of ten years (without probation) all place the instant case within the rule of *Strong, supra,* and the defendant should have been discharged.

The judgment of the Circut Court of Rock Island County is therefore reversed.

Judgment reversed.

ALLOY, P. J., and SCOTT, J., concur.