The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert Housby, Defendant-Appellant.

(No. 75-23; )

Third District—November 28, 1975.

Mark Burkhalter and James Geis, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank Yackley, State's Attorney, of Ottawa (Michael Weinstein and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Robert Housby appeals from a judgment of guilt following his conviction in a jury trial for delivery of a controlled substance (Ill. Rev. Stat. 1973, ch. 56½, § 1401(c)). He was sentenced to a term of 2 to 6 years in the penitentiary by the Circuit Court of La Salle County.

On appeal in this court, defendant contends that (1) his defense of

entrapment was not overcome beyond a reasonable doubt and (2) he was not given a trial within 120 days of his incarceration as required by the statute (Ill. Rev. Stat. 1973, ch. 38, § 103—5(a)).

From the record it is shown that defendant was charged with selling "peyote buttons" containing mescaline to an agent of the Illinois Bureau of Investigation (I.B.I.). The sale was arranged by Herbert "Junior" Lucas who was a friend of defendant Housby but also a secret paid informer of the I.B.I. Housby testified that Lucas had acquired the peyote while the two of them were on a trip to California a couple of months before the incident with which we are concerned. Lucas stayed at Housby's residence for several weeks after their return from California. Housby testified that he became involved in the drug sale with which we are concerned because Lucas wanted to pay Housby some rent money which he intended to get by selling some of the peyote. The I.B.I. agent, William Barrett, testified that Lucas told him that defendant had some peyote for sale. Lucas arranged the meeting between defendant, Barrett and himself at a La Salle restaurant. According to Barrett's testimony, Housby offered to sell some peyote "buttons" for $1.50 each, but then agreed to sell them for $1 apiece. The agent proceeded in his van with defendant to Housby's home. Defendant there procured 30 buttons of peyote and explained to Barrett how to extract the strychnine present in the cactus. He described what would happen when a person ate the remaining mescaline containing a portion of the button. Barrett also testified that the I.B.I. had been unable to locate the informer, Lucas, to testify at the trial. Housby claimed that the peyote belonged to Lucas and that he was involved in the sale only at the suggestion of Lucas and only to get the rent money which Lucas promised him.

A number of cases in this State uphold the defense of entrapment where defendant's unrebutted testimony was that the informer supplied the drugs which are the subject of the offense. *People v. Dollen* (1972), 53 Ill.2d 280, 290 N.E.2d 879; *People v. Strong* (1961), 21 Ill.2d 320, 172 N.E.2d 765; *People v. Rogers* (3rd Dist. 1972), 6 Ill.App.3d 1092, 286 N.E.2d 365; *People v. Carmichael* (1st Dist. 1967), 80 Ill.App.2d 293, 225 N.E.2d 458.

The *Dollen* case is similar to the cause before us. In that case the informer was a taxi driver working for the defendant. The informer apparently planted drugs in his cab before defendant inspected it. When Dollen found the drugs the informer immediately suggested that they sell the package and that he could find a buyer. Dollen resisted the suggestion for several days but finally agreed to sell the narcotics as a favor

for the cab driver. The Illinois Supreme Court relying on the lack of any prior involvement by Dollen in drug trafficking found that the evidence did not overcome the defense of entrapment beyond a reasonable doubt. See 53 Ill.2d 280, 285.

■■ Where the intent to perform the criminal act arises in the mind of the law enforcement officer or his agent (such as the informer), and he induces an innocent man to do the act, there has been an entrapment. Failure of the State to call Lucas to rebut the testimony, if it could be rebutted, raises a strong inference against the State. (*People v. Strong*, 21 Ill.2d 320, 325; *People v. Rogers*, 6 Ill.App.3d 1092, 1093-94.) There is no testimony concerning any prior drug involvement on the part of Housby. As stated in the case of *People v. Dollen*, 53 Ill.2d 280, 284, 290 N.E.2d 879:

> "[T]he State must be responsible for the actions of their informer * * * when the defense of entrapment is raised.'"

The court there points out that in *People v. Strong*, the Supreme Court held that a conviction for the unlawful sale of narcotics could not stand when the informer supplied the drugs. As stated in *Dollen*:

> "If defendant presents some evidence to raise the issue of entrapment, 'the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all other elements of the offense.'" (53 Ill.2d 280, 284.)

The court pointed out that where officers of the law or their agents conceive and plan a criminal offense and lure or induce a defendant into committing an offense which he would not otherwise have committed, and had no intention of committing, entrapment is established and no conviction may be sustained. In the *Dollen* case, the informer had disappeared and the State simply relied upon the testimony of police officials, which testimony related primarily to the actual sale. In that case, the defendant had actually offered to procure other drugs for sale to the agent. Nevertheless the Supreme Court in *Dollen* concluded that since no evidence was presented to refute defense testimony or to establish beyond a reasonable doubt that defendant was not entrapped into the commission of the offense, the conviction could not be sustained. We believe that the *Dollen* case is controlling, and that, on the basis of the record before us in this case, the defense of entrapment was not rebutted beyond a reasonable doubt.

Since our determination disposes of the appeal, it is not necessary for us to concern ourselves with the additional "speedy trial" issue raised by defendant.

For the reasons stated, the judgment of the Circuit Court of La Salle County is reversed.

Judgment reversed.

STOUDER, P. J., and STENGEL, J., concur.