THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAM RINALDO, Defendant-Appellant.

(No. 74-268; ▮▮▮▮▮▮▮▮)

Second District (2nd Division)—January 22, 1976.

Angelo Bruscato, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

On October 20, 1972, defendant was indicted for the crime of theft over $150, having been charged with knowingly receiving stolen prop-

erty. After being found guilty by a jury, he was sentenced to serve 60 days under a work release program and two years' probation. Defendant appeals alleging that reversible errors were committed during his trial.

It was established that on October 19, 1972, a warehouse delivery truck unloaded a stereo console unit outside the Mitchell Radio & Appliance store in Rockford. Shortly after 3 p.m. the unattended unit was stolen. Its value was fixed at $249.95.

Defendant's bakery had been under police surveillance since late September of 1972. At approximately 3:45 p.m. on October 19, Rockford police officers on duty observed Blue Gilbert, and Clarence Miller, a known heroin addict, arrive at the bakery in an automobile. Miller got out of the car and entered the bakery, then left the shop, walked to its attached garage and unlocked the doors. Miller's companion backed the car into the driveway; the two removed from the trunk what appeared to be a large stereo or television unit and placed it in the garage. Miller returned to the bakery, spoke briefly with defendant and then he and Gilbert departed.

The next day, a search warrant was issued on the basis of a tip from an anonymous informer saying that defendant was engaged in the business of buying and selling stolen goods and that a stereo unit, taken from the Mitchell Radio & Appliance store, could be found in defendant's garage. Pursuant to the warrant, the police searched the garage and found the stolen stereo unit.

Introduced at trial, over defendant's objection, were photographs taken by one of the officers during surveillance of defendant's bakery. The most recent of the photos was taken several weeks prior to the theft of the stereo unit and showed defendant associating with Miller in and around the bakery. Defendant contends that the photos were admitted in error in that they were irrelevant and prejudicial.

██ The uncontradicted circumstantial evidence at trial tended to establish that Clarence Miller was involved in the original theft of the stereo and had transported it to defendant's garage. The photographs, establishing defendant's prior relationship with Miller, rendered it more probable that defendant knew the illegal nature of the stored goods. (See *Marut v. Costello*, 34 Ill.2d 125, 128 (1966); *Calcese v. Cunningham Cartage, Inc.*, 25 Ill.App.3d 1094, 1099 (1975); McCormick On Evidence 437 (2d ed. 1972).) We therefore find that the trial court did not abuse its discretion in admitting these photographs into evidence. *People v. Williams*, 60 Ill.2d 1, 12 (1975); *People v. Harris*, 38 Ill.2d 552, 558 (1967).

Defendant next contends that the trial court erred by failing to compel

the State to disclose the name and address of the informer on whose tip the search warrant was issued. Although defendant moved for disclosure of the informant's identity, the State refused and the trial court upheld that refusal. The defendant's request for disclosure of an informant's identity is not to be granted automatically. Where a request has been denied by the prosecution, the defendant bears the burden of demonstrating to the court the necessity for disclosure in his particular case. (*United States v. Alvarez*, 472 F.2d 111, 113 (9th Cir. 1973); *United States v. Alvarez*, 469 F.2d 1065, 1066 (9th Cir. 1972); *United States v. Skeens*, 449 F.2d 1066, 1070 (D.C. Cir. 1971).) In determining whether an informant's identity should be disclosed, it is necessary for the court to balance the defendant's need for the identity of the informant for the purpose of preparing an adequate defense against the public interest in protecting the informant's identity, thereby encouraging citizen participation in crime control. (*McCray v. Illinois*, 386 U.S. 300, 310, 18 L.Ed.2d 62, 70, 87 S.Ct. 1056, 1061-62 (1967); *Roviaro v. United States*, 353 U.S. 53, 60-61, 1 L.Ed.2d 639, 645-46, 77 S.Ct. 623, 628-29 (1957).) Crucial to the court's consideration is the circumstance of the informant being a participant in or a witness to the crime charged. See *People v. Lewis*, 57 Ill.2d 232, 238 (1974); *People v. Mack*, 12 Ill.2d 151, 166 (1957).

■■ In the record before us, there is nothing to suggest that the informant witnessed or participated in the theft. No facts have been brought to our attention which would support defendant's need for the informant's identity. Thus, defendant did not meet his burden and the trial court was correct in not requiring disclosure.

Defendant's final contention is that the prosecuting attorney committed reversible error during his closing argument to the jury. During summation, the State's Attorney remarked that defendant knew Miller was a heroin addict because the defense had brought out that defendant and his son had mentioned such fact. The State went on: "Why is that important? Well, I think it's common everyday household knowledge that heroin addicts steal to support their habit. I don't think anybody would argue that." There was an objection. The prosecutor then withdrew the statement but went on to say: "I am sorry, heroin addicts do not steal, ladies and gentlemen. I don't know why such a crazy idea ever crossed my mind."

■■ The generalization that all heroin addicts steal to support their habits is unsupported by the evidence and was therefore improper. (See *People v. Delgado*, 30 Ill.App.3d 890, 897-98 (1975); *People v. Weathers*, 23 Ill.App.3d 907, 915 (1974).) We do not feel, however, that the im-

1002

propriety amounted to reversible error in this case. While we do not condone the remark or the flippant way in which the prosecutor withdrew it, we are of the opinion that neither was of such magnitude as to warrant a conclusion that, had they not been said, the jury would have held differently. *People v. Naujokas,* 25 Ill.2d 32, 38 (1962); *People v. Koshiol,* 45 Ill.2d 573, 580 (1970).

We affirm defendant's conviction.

Affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.