THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEROY TERRY, Defendant-Appellant.

Fourth District   No. 13169

Opinion filed June 10, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of the sale of a substance represented as a controlled substance upon a jury verdict. He appeals the conviction and the sentence of 2 to 6 years.

Defendant asserted the defense of entrapment at trial and upon appeal urges that the prosecution failed to rebut his evidence of that defense beyond a reasonable doubt.

Entrapment is a valid affirmative defense if established by the evidence. (*People v. Dollen*, 53 Ill. 2d 280, 290 N.E.2d 879.) Section 3—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 3—2(b)) provides:

> "If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

■■ An affirmative defense admits the acts incident to the offense alleged. Thus, there is guilt of such offense unless the court finds that there was entrapment as a matter of law. *People v. Nahas*, 9 Ill. App. 3d 570, 292 N.E.2d 466; *People v. Cooper*, 17 Ill. App. 3d 934, 308 N.E.2d 815.

In seeking reversal of this conviction defendant relies upon the opinion in *People v. Dollen*, 53 Ill. 2d 280, 290 N.E.2d 879, and *People v. Strong*, 21 Ill. 2d 320, 172 N.E.2d 765, and argues that such opinions require reversal by reason of the defense of entrapment. In each case cited, the arresting officer testified to delivery of the narcotic by defendant and the payment made to him. In neither case did the informant testify to the transaction. In each case the defendant testified that the informer was the source of the substance, and that he arranged for defendant to deliver such and to receive the money. In each case the testimony of the defendant was uncontradicted upon such details so that there was no issue of fact for the consideration of the jury. Upon such records the court held that entrapment was established as a matter of law. Comparable records resulted in reversals of convictions in *People v. Rogers*, 6 Ill. App. 3d 1092, 286 N.E.2d 365, and *People v. Housby*, 33 Ill. App. 3d 762, 338 N.E.2d 461.

In this case an IBI agent testified that defendant sold him the substance while seated in the agent's automobile. A surveilling agent corroborated the sale and identified the defendant. The informant also testified to the facts of the sale. In addition, he testified that earlier in the day the defendant spoke of an individual (an IBI agent), who was spending a lot of money in the town, and that defendant would like to make a sale. His testimony shows that the informant offered to make arrangements for his sale, that later he introduced defendant to the IBI agent and drove with them to an address. The record shows that such was the residence of defendant's grandmother. Defendant came from the house in response to a horn signal and the sale was completed in the agent's car.

The agent who made the purchase testified that the informant introduced him to defendant, that the agent asked what defendant had and the latter proposed the sale of two bags of "smack" for $75 a bag. A sale of the bags was consummated for $100 in total, and no future sales

were arranged. The agent testified that the informant was paid varying amounts for the introductions arranged for the agents.

Defendant testified that he frequented the home of the informant and that he frequently saw informant mixing dried tea and quinine which he wrapped in small tinfoil packets to sell as a narcotic. He testified that the informant asked defendant to deliver the packets for the reason that the "dude" was a fellow employee and informant did not wish his identity disclosed as a seller. Defendant further testified that he was told that he could not get into trouble for selling such a nonnarcotic. He also testified that the informant obtained some of the money received by defendant in the presence of the IBI agent by claiming a spurious debt.

Defendant produced two witnesses who testified that the informant's reputation for truth and veracity was bad, and he called a witness, one Butler, who testified to seeing the informant prepare some mixture and wrap such in tinfoil in his house for sale as a narcotic. The witness was incarcerated in the penitentiary at the time of his testimony and stated that he, the witness, did not sell the packets as he could make more money from shoplifting. Two other witnesses testified to like observations.

On rebuttal, there was corroboration of the informant's testimony that he collected a debt at the time of the sale through testimony of the woman who loaned the money to the defendant.

The record shows that while the IBI agent made no further effort to purchase narcotics or other substances from the defendant, on one occasion when the agent was waiting in his car, defendant came to the window and asked the agent if he wished to purchase any more packages. Defendant stated that he made such inquiry at the request of one Williams, who had been charged with the sale of narcotics.

■■■ In *People v. Cooper*, 17 Ill. App. 3d 934, 308 N.E.2d 815, and *People v. Nahas*, 9 Ill. App. 3d 570, 292 N.E.2d 466, it is said that the tests of entrapment are whether there has been improper inducement to defendant to commit the offense, and whether there is sufficient evidence of defendant's predisposition to perform the criminal acts.[1] Here, the evidence conflicts as to whether defendant sought out the informer and requested him to arrange the sale or whether he was persuaded by the informer to simply deliver the packet and collect the money.

The evidence is so conflicting that the credibility of the witnesses is better determined by the trier of fact who observed the witnesses and

---

[1] Ill. Rev. Stat. 1973, ch. 38, par. 7—12. "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

returned the verdict. This court cannot say that there was entrapment as a matter of law.

The conviction and the sentence are affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.