THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT DEAN GOODMAN, Defendant-Appellant.

Fourth District   No. 14436

Opinion filed December 16, 1977.

CRAVEN, J., dissenting.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

A special agent of the Illinois Bureau of Investigation went with Steven Lovall to Goodman's mobile home and asked him to play basketball. During the basketball game, Lovall asked Goodman if he had any "dust" to sell. After the game, they returned to Goodman's trailer where the defendant sold the agent a substance containing phencyclidine (PCP).

Goodman was later arrested by Deputy Erlenbush and charged with the delivery of a controlled substance in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(d)). Goodman pleaded not guilty and asserted the defense of entrapment. After a jury trial, he was found guilty and then sentenced to 1 to 4 years of imprisonment.

We affirm.

Two issues are raised on appeal.

*First*: Goodman alleges the trial court erroneously admitted evidence of the following phone call made by defendant to the prosecution witness Deputy Erlenbush:

"We're going to get you, we're going to getcha, Erlenbush, we're going to getcha. Is this Erlenbush? We're going to getcha, we're going to getcha, we're going to getcha, Erlenbush, we're going to getcha, we're going to cut your nuts out."

Raising three points in support of his contention, Goodman initially claims the State's late notification of the phone call denied him a fair trial. Although Deputy Erlenbush received the threatening phone call on January 30, 1977, defense counsel did not receive a report concerning the call until March 4, 1977. Defendant's trial began on March 7, 1977.

■■ ■  Discovery rules, of course, are to prevent surprise or unfair

advantage and to aid in the search for truth. (*People v. Rayford* (1976), 43 Ill. App. 3d 283, 356 N.E.2d 1274; *People v. Watkins* (1975), 34 Ill. App. 3d 369, 340 N.E.2d 92.) And in its discretion, the trial court may impose sanctions for noncompliance with these rules. However, the imposition of harsh sanctions should be a last resort measure. (*People v. Jackson* (1977), 48 Ill. App. 3d 769, 363 N.E.2d 392.) In this case, defense counsel filed a motion *in limine* to exclude any testimony pertaining to the phone call, but did not pursue any alternative discovery remedies. He made no request for a continuance. He made no offer of proof. In fact, he refused the court's offer to interview Deputy Erlenbush prior to his taking the stand. Moreover, there is no suggestion of bad faith by the State. The record indicates the State's Attorney's office furnished defense counsel with Deputy Erlenbush's report the day after they received it themselves.

■■ Goodman next contends there was not a proper foundation for the identification of his voice. Telephone conversations are admissible if the person's identity is established by direct evidence or by facts and circumstances. (*People v. Nichols* (1941), 378 Ill. 487, 38 N.E.2d 766.) Deputy Erlenbush testified there was no doubt in his mind that the caller was Goodman. In fact, Erlenbush and Goodman had lived next door to each other as children and had had numerous contacts since high school.

■■■ Finally, on this issue, defendant claims the telephone call was not relevant because the caller did not identify himself or refer to Deputy Erlenbush testifying in the prospective trial. In a criminal prosecution any attempted intimidation of a witness is properly attributable to a consciousness of guilt and thus is relevant. (*People v. Gambony* (1948), 402 Ill. 74, 83 N.E.2d 321, *cert. denied* (1949), 337 U.S. 910, 93 L. Ed. 1722, 69 S. Ct. 1045; *People v. Smith* (1972), 3 Ill. App. 3d 958, 279 N.E.2d 512.) To require a caller to specifically threaten a witness not to testify in his trial before a phone call is admissible would not comport with reality.

Though not briefed by counsel on appeal, it is argued that the threatening phone call showing a consciousness of guilt was irrelevant because Goodman admitted committing the act incident to the alleged offense, but denied guilt of the offense because he was entrapped. Yet— even with an entrapment defense—the central issue remains the culpability and responsibility of the defendant since it must be determined whether the defendant had been improperly induced to commit the offense or whether the defendant was predisposed to perform the act. (*People v. Terry* (1976), 38 Ill. App. 3d 795, 349 N.E.2d 129.) Evidence of a consciousness of guilt is probative of such a predisposition and defendant's state of mind. The Supreme Court has noted that "the issue of whether a defendant has been entrapped is for the jury as part of

its function of determining the guilt or innocence of the accused." (*Sherman v. United States* (1958), 356 U.S. 369, 377, 2 L. Ed. 2d 848, 854, 78 S. Ct. 819, 823.) In short, defendant pleaded not guilty and was tried on that plea. Evidence going to that ultimate issue—regardless of defense—is relevant.

■■ *Second*: Goodman's other issue concerns the court's refusal to grant probation. The granting of probation is within the trial court's discretionary power (*People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537; *People v. Honn* (1977), 47 Ill. App. 3d 378, 362 N.E.2d 90) and the court must exercise that discretion in each individual case in light of the seriousness of the offense and the character of the offender. Ill. Const., art. 1, §11; Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1.

After first indicating that the court had varied its sentences with respect to different defendants involved in the drug traffic business, the sentencing judge expressed a concern for the innocent victims of the sellers of controlled substances. He stated he was not concerned with defendant's personal use or nonuse of drugs, but did consider Goodman's involvement as a seller. These remarks by the judge do not indicate an arbitrary decision. While defendant's personal use of drugs did not necessarily relate to his role as a seller, the court's concern for the victims properly reflected a consideration of the seriousness of the offense. (Ill. Const., art. 1, §11.) The judge did not abuse his discretion in denying Goodman probation.

Affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

In this case the defendant's defense was one of entrapment. One who contends entrapment necessarily admits the commission of the underlying acts that constitute the offense; thus, here, strictly speaking, the question was not one of guilt or innocence in the sense of who did it, but, rather, whether the defendant was entrapped into committing the offense. The evidence concerning the threatening telephone call, obviously highly prejudicial, is irrelevant to that issue and does not in my view in any way indicate a consciousness of not being entrapped. I would reverse and remand for a new trial.