THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE WALKER, Defendant-Appellant.

Third District   No. 77-218

Opinion filed June 22, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial defendant, George Walker, was found guilty of the unlawful delivery of a controlled substance (heroin). He was sentenced by the circuit court of Peoria County to a term of incarceration of from 1½ to 4½ years.

James Kizart, an undercover agent for the Illinois Bureau of Investigation, testified that on July 13, 1976, he and an informant, later identified as Alvin Linwood, made two purchases of narcotics from the defendant. The defendant was indicted and tried only for the second sale, although the agent also testified about an earlier sale on the same date. The first transaction took place at about 8:30 p.m. The second transaction occurred at about 9:30 p.m. in Kizart's car when defendant sold Kizart and Linwood two "dimes" each of heroin. The capsules from both transactions were later analyzed and all were found to contain heroin. On his own behalf, defendant testified that Linwood, the IBI informant, and he had previously been involved in drug transactions. The drugs "weren't any good" and defendant had demanded his money back on several occasions. The defendant had also loaned Linwood some money, which had not been repaid, although defendant had attempted to obtain repayment forcibly.

Defendant further testified that on July 13, 1976, the first transaction occurred when he was approached by Linwood, who told defendant that his (Linwood's) cousin wanted to buy some heroin. Linwood offered to supply the drugs, and defendant was to "sell" the drugs to Linwood's cousin. Defendant was to receive two "buttons" of heroin in return for his efforts. Linwood stated that his motive was to prevent his cousin from acquiring the drugs without having to pay.

Defendant agreed to the plan and Linwood then handed him a bottle containing six "buttons" of heroin. It was from this bottle that defendant got the four red capsules that he later sold to Linwood and Kizart in the second transaction (Kizart was represented to defendant as Linwood's cousin.) Defendant gave the capsules to Linwood and Kizart attempted to give $40 to defendant. Defendant saw Linwood and Kizart later that evening at which time Linwood inquired about the quality of the two capsules of heroin defendant had kept. This was the only other contact defendant had with Linwood and Kizart the entire evening.

Alvin Linwood, admittedly by IBI informant, did not testify either in chief or in rebuttal. Neither agent Kizart nor any other witness was called to refute the defendant's testimony that the drugs he is charged with delivering were supplied by Linwood.

On this appeal defendant argues where a paid informant suggested the

sale of narcotics and supplied the drugs sold and where such testimony is unrebutted, the State has not overcome the affirmative defense of entrapment.

■■■ The Illinois rule is that entrapment is established where narcotics are supplied to the defendant by the government's paid informant. (*People v. Strong*, 21 Ill. 2d 320, 172 N.E.2d 765.) Furthermore, it has been held that the defense of entrapment is established where there is unrebutted testimony by defendant that the State's informant supplied the drugs that are the subject of the offense. (See, *e.g., People v. Dollen*, 53 Ill. 2d 280, 290 N.E.2d 879; *People v. Housby*, 33 Ill. App. 3d 762, 338 N.E.2d 461; *People v. Rogers*, 6 Ill. App. 3d 1092, 286 N.E.2d 365.) Where evidence is presented by defendant on the issue of entrapment, the burden is on the State to prove the defendant guilty beyond a reasonable doubt as to the issue of entrapment and all other elements of the offense. (See Ill. Rev. Stat. 1977, ch. 38, par. 3—2(b).) In light of defendant's unrefuted testimony as to the source of the drugs he delivered, we believe the State has failed to sustain their burden of proving that no entrapment occurred.

The State argues that the principles involving entrapment applied in the foregoing cases are no longer the law since the decision of the United States Supreme Court in *Hampton v. United States*, 425 U.S. 484, 48 L. Ed. 2d 113, 96 S. Ct. 1646. In support of its position the State calls to our attention *People v. Hesler*, 39 Ill. App. 3d 843, 350 N.E.2d 748, a case decided by the Second District Appellate Court after the decision in *Hampton*. However, we note the observations of the court in *Hesler* were admittedly dicta since the issue was waived.

During the pendency of this case on appeal, the Fourth District Appellate Court decided *People v. Spahr*, 56 Ill. App. 3d 434, 371 N.E.2d 1261. Subsequent to the instant case being taken under advisement after oral argument, the State's petition for leave to appeal from that decision was denied on May 26, 1978. *Spahr* discusses the precise issue raised on this appeal and concludes that *Hampton* does not change the rules regarding entrapment as they existed in Illinois prior to that decision. The facts in *Spahr* are not legally distinguishable from those in the instant case and we believe the reasoning and result in *Spahr* are equally applicable to this case and no further discussion would be useful or helpful.

For the foregoing reasons the judgment of the circuit court of Peoria County is reversed.

Judgment reversed.

BARRY, P. J., and SCOTT, J., concur.