THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CAROLINE LENAIR, Defendant-Appellant.

Third District   No. 78-141

Opinion filed November 9, 1979.

Robert Agostinelli and Gary Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

After a jury trial in the circuit court of Will County the defendant, Caroline Lenair, was found guilty of the unlawful delivery of a controlled substance, more than 30 grams of heroin. She was sentenced to a term of imprisonment of from 4 to 5 years.

On this appeal the defendant makes three assignments of error. First, the evidence is insufficient to support the conclusion she was guilty of the offense charged beyond a reasonable doubt. Second, the court erred in giving the entrapment instruction without modification. Third, the court erred in failing *sua sponte* to give a limiting instruction regarding the purpose for which evidence of other crimes could be considered. We affirm.

The principal evidence presented by the State in support of the charge was the testimony of Jerome Johnson, an Illinois law enforcement agent and Dena Hurst, a special agent. Johnson first testified concerning the details of a purchase of a small amount of narcotics which he made from the defendant on September 17, 1976. Hurst also testified about this transaction since she had made the arrangements and was present with Johnson at the time. The defendant objected to this testimony because the offense with which the defendant was charged occurred on September 27, 1976, and it was the position of the defendant that the evidence of the earlier transaction was both irrelevant and prejudicial. The objections to this testimony were denied by the trial court but no error has been assigned with respect to this ruling in this court.

Johnson and Hurst then proceeded to testify about the arrangements for and the purchase of a quantity of heroin from the defendant which turned out to be 55 grams. This transaction took place on September 27, 1976, and is the basis of the offense of which defendant was convicted in this case.

The defendant, Caroline Lenair, testified in her own behalf and admitted the sales on September 17 and September 27, 1976, but claimed the narcotics which she sold and delivered to Johnson were supplied to her by Hurst.

In arguing the evidence is insufficient to establish her guilt beyond a reasonable doubt, the defendant insists the evidence establishes as a matter of law a "take back" entrapment. A "take back" entrapment refers to a situation where the narcotics later possessed or delivered were initially supplied by a government agent.

The defendant relies on such cases as *People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765, *People v. Walker* (1978), 61 Ill. App. 3d 4, 377 N.E.2d 604, and *People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261, in support of her contention that where the evidence is uncontradicted the drugs were supplied by a government agent, "take back" entrapment is established as a matter of law. We have no quarrel with the rules announced in the foregoing cases nor with the results reached in those cases as applied to the facts with which each deals. The principal thrust of those cases was that the testimony regarding purchase from a government agent was uncontradicted and in fact undenied.

■■ Defendant seeks to reach the same result in this case because she claims that after she testified about the special agent Hurst having supplied her with the drugs which she delivered to Johnson on September 27, 1976, Hurst was not called as a rebuttal witness. However, Hurst did testify in the State's case in chief and in particular she denied having any contact with the defendant after the transaction on September 17 except by telephone. She was subjected to extensive cross-examination in an effort to impeach her credibility. The plain and obvious purport of her testimony was to deny that she ever sold or delivered drugs to anyone and in particular that she had no face-to-face dealings with the defendant in between the dates of the two transactions. On this state of the record we believe the affirmative defense of "take back" entrapment was denied by the special agent alleged to have made the delivery. It was a controverted fact, and consequently the defense of "take back" entrapment was not established as a matter of law. It makes no difference that the controverting evidence was presented by the State in its case in chief since the State was well aware of the nature of the entrapment defense which the defendant intended to urge. There can be no question that the State bears the ultimate burden of persuading the trier of fact that the defendant was not entrapped into committing the offense. However, this burden can be sustained by considering the evidence as a whole, and the fact that the special agent was not recalled as a rebuttal witness to repeat her previous testimony is of no significance. Accordingly, the entrapment issue was one properly submitted to the jury, and its resolution of the facts adversely to the postion of the defendant is supported by sufficient evidence.

We shall next discuss briefly the instructional errors urged by the defendant. At the request of the State, Illinois Pattern Jury Instruction, Criminal, No. 25.04 (1968) was given. This instruction, which is the usual entrapment instruction, included a reference to the fact that the jury could consider the defendant's predisposition to commit the offense in determining whether the defendant was in fact entrapped. On this appeal

the defendant argues the instruction should not have been given because in "take back" entrapment the element of predisposition is immaterial.

The defendant also argues the trial court *sua sponte* should have given a limiting instruction such as Illinois Pattern Jury Instruction, Criminal, No. 3.14 (1968) with regard to the purpose for which evidence of other crimes could be considered.

■■ In response to the defendant's argument about instructions we believe it is sufficient to say that the defendant neither objected to the entrapment instruction nor proposed either an alternative instruction nor any instruction on the limited purposes for which evidence of other crimes can be considered. In addition neither of these instructional errors were urged in the defendant's post trial motion. We do not believe that these errors come within Rule 451(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 451(c)) (substantial defect in instructions) or Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) (plain error). Accordingly, we conclude that these assignments of error were waived by the defendant and will not be considered on this appeal.

For the foregoing reasons the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY and STENGEL, JJ., concur.