THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM PATTEN, Defendant-Appellant.

First District (3rd Division)    No. 81-1147

Opinion filed April 14, 1982.

Ralph Ruebner, Steven Clark, and Elizabeth Clarke, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Casimir J. Bartnik, and Randall E. Roberts, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, William Patten, was charged with rape, deviate sexual assault, and aggravated kidnapping. After a jury found him guilty of rape, the court sentenced him to a term of 6 years. On appeal defendant contends that he was denied his right to a jury trial when the court accepted a verdict on less than all the charges; that the court erred in admitting testimony of a telephone conversation between a witness and defendant; and that the court erred in permitting an assistant State's Attorney to testify about an inculpatory statement made by defendant.

Complainant testified that at 10:30 p.m. on September 6, 1979, as she entered an alley, defendant placed a weapon to her head and forced her into a parked automobile. Another man, not involved in this appeal, drove to an apartment where both men raped and struck her. Although defendant tied her scarf across her eyes she was able to see through it. She identified a photograph of defendant and identified him at a lineup. A police officer and an assistant State's Attorney testified to an inculpatory statement made by defendant that he threatened to kill complainant, took her to an apartment and had sex with her.

Carolyn Martin, a neighbor of defendant's, testified that on September 10, 1979, she received a collect telephone call from defendant. He admitted the rape and asked the witness to testify that on September 6 she saw him and a woman holding hands as they entered an apartment.

At the close of the evidence, the jury was instructed on rape, deviate

sexual assault, and aggravated kidnapping, and retired to deliberate. The following colloquy later ensued:

"COURT: Mr. Foreman, have you reached a verdict with respect to at least one of the three counts?

FOREMAN: Yes, that is right.

COURT: May we have the verdict?

FOREMAN: Guilty on the charge of rape.

COURT: This is the verdict brought in by the forelady. We, the Jury, find the defendant, William Patten, guilty of rape."

The jury was polled and each juror reaffirmed the verdict as his own.

The court then stated to the jury:

"You have sent me in this question which is a point of law: Wherein a person is confined against her will during the act of rape, does that constitute aggravated kidnapping?"

The court declined to answer the question and stated that the jury should deliberate further on these counts. The court entered judgment on the verdict, and revoked bond. Thereupon, the State moved to nolle prosse the remaining charges, and, over defendant's objection, the court granted the State's motion and discharged the jury.

■■ ■ Defendant first contends that the trial court's acceptance of the jury's verdict on the rape charge denied him a trial by jury since it interrupted the deliberation process prior to the jury reaching a verdict on all charges. We disagree.

The integrity of the jury's verdict must be protected from coercion, duress or influence. Hence, a judge commits reversible error when he compels a deadlocked jury to render a verdict. (*Jenkins v. United States* (1965), 380 U.S. 445, 13 L. Ed. 2d 957, 85 S. Ct. 1059; *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601.) The record in the present case, however, is devoid of any evidence of coercion or influence upon the jury's verdict. Instead, the record fully supports the conclusion that the jury had unanimously completed its deliberations as to the rape charge. The jury was immediately polled, and each juror answered unequivocally that the verdict was guilty. Indeed, even the question submitted to the trial court suggests that the jury had firmly decided the rape charge and was proceeding to the aggravated kidnapping charge based on the conclusion that defendant committed rape. We note, too, that a trial court may accept a verdict on less than all the counts from a jury deadlocked as to the remaining counts despite the opportunity for retrial on the remaining counts. (*People v. DeStefano* (1965), 64 Ill. App. 2d 389, 212 N.E.2d 357, citing *People v. Powell* (1950), 99 Cal. App. 2d 178, 221 P.2d 117.) The trial court here properly accepted the verdict.

■■ Defendant next maintains that an improper foundation was laid for admission of defendant's telephone conversation with a neighbor. Rel-

evant testimony pertaining to the substance of a telephone conversation is admissible provided the identity of the speaker is established either by direct or circumstantial evidence. (*People v. Nichols* (1941), 378 Ill. 487, 38 N.E.2d 766.) In the present case, the witness testified that she lives three houses from defendant, that she had spoken to defendant on the telephone before and that she recognized defendant's voice. She also stated that she was defendant's "friend, neighbor and associate." A foundation for introduction of the conversation was laid in the present case.

Defendant also contends that the trial court erred in permitting an assistant State's Attorney to repeat an inculpatory statement by defendant earlier testified to by another witness.

■■ The claimed error was waived by defendant's failure to object either at trial or in his post-trial motion. *People v. Agee* (1980), 85 Ill. App. 3d 74, 405 N.E.2d 1245.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P. J., and McGILLICUDDY, J., concur.