THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS W. THORNTON, Defendant-Appellant.

Second District   No. 2—83—0423

Opinion filed June 29, 1984.

G. Joseph Weller, Josette Skelnik, and Kathleen J. Hamill, all of State Appellate Defender's Office, of Elgin, for appellant.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko and Sally A. Swiss, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After a bench trial defendant, Thomas W. Thornton, was convicted of the unlawful delivery of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1401(a)(2)) and was sentenced to six years' imprisonment. Defendant appeals, contending the trial court erred in denying his motion to require the State to disclose the identity of an informant.

Defendant made a pretrial oral motion for disclosure of an informant known as C—S 82830, who was mentioned in police reports which described three drug purchase transactions which had taken place between defendant and Special Agent John Hindes of the Illinois Department of Law Enforcement. The police reports noted that the informant met with police officers on March 17, 1982, after which the officers observed the informant while he met with defendant. Defendant and the informant then drove to another location where they met with Officer Hindes who purchased a bag of cocaine from defendant

for $625. No arrest was made at that time. The reports also described a second purchase of cocaine from defendant by Officer Hindes on March 24, 1982, and a third purchase made on April 8, 1982, after which defendant was arrested. The informant was not present at either of the latter two transactions.

Defendant's counsel sought pretrial disclosure of the informant's identity on the grounds that was necessary in order to determine whether defendant could raise the defense of entrapment. The State conceded the informant had participated in the first drug transaction on March 17, but argued that as he had not participated in the third transaction on April 8, upon which the charge against defendant was based, the informant's identity was not relevant to it. The trial court denied defendant's motion.

At trial Officer Hindes testified only to the drug sale which took place on April 8, 1982. He stated that he called defendant on April 6, saying he wanted to purchase a quarter pound of cocaine. Defendant responded he could not get that much and, when they met at a truck stop on April 7, offered to sell one ounce. Hindes declined, stating he wanted to purchase a larger quantity. The two men met again at the truck stop on April 8 when Officer Hindes received two bags of cocaine from defendant for which he agreed to pay $4,350. Other officers who were watching were then signaled and defendant was arrested.

Defendant testified in trial that he knew John Hindes, who called him on April 6 seeking to purchase a quarter pound of cocaine. They met at a truck stop where defendant offered to sell an ounce of cocaine, but Hindes declined, saying he wanted a larger quantity. Defendant testified he later tried to return the ounce of cocaine to his supplier, who would not take it back, but did give defendant another ounce. Defendant met with Hindes on April 8 and, after delivering the cocaine to him, was arrested.

Other evidence was presented that the two bags contained approximately 6.8 grams of cocaine. The trial court found defendant to be guilty of the offense occurring on April 8, 1982, sentence was imposed and he appeals.

Defendant argues that the informant's participation in the first of the three drug transactions between defendant and the officer gives rise to the possibility the informant possessed knowledge relevant to an entrapment defense of the third sale for which defendant was prosecuted, and asserts disclosure of the informant's identity was thus required to give defendant a fair trial.

We note initially that in the trial court defendant raised an en-

318

trapment defense only to the extent of arguing that Officer Hindes induced him to sell two ounces of cocaine rather than the one ounce which defendant had offered to sell. He did not otherwise present evidence or argument of entrapment in trial or testify that the informant was a participant in or witness to the transaction on April 8 for which defendant was convicted. Entrapment is an affirmative defense, and, if the State's evidence does not raise the issue, the burden is upon defendant to do so before the State may be required to prove defendant was not entrapped. *People v. Brown* (1968), 95 Ill. App. 2d 66, 70, 238 N.E.2d 102; Ill. Rev. Stat. 1981, ch. 38, par. 3—2; see *People v. Terry* (1976), 38 Ill. App. 3d 795, 349 N.E.2d 129.

The circumstances wherein disclosure of an unidentified informant is required are noted in Supreme Court Rule 412(j)(ii) (87 Ill. 2d R. 412(j)(ii)), as follows:

"Informants. Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial."

A defendant's request for disclosure is not automatic and he has the burden of demonstrating its necessity. In making its determination the court must balance a defendant's need for the informant's identity in order to prepare his defense against the public interest in protecting the informant's identity, thereby encouraging citizen participation in the control of crime. (*People v. Rinaldo* (1976), 34 Ill. App. 3d 999, 1001, 341 N.E.2d 166; *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623.) Crucial factors to be considered by a court are whether the informant was a participant in or witness to the offense charged. (*People v. Lewis* (1974), 57 Ill. 2d 232, 238, 311 N.E.2d 685; *In re J.T.* (1978), 65 Ill. App. 3d 865, 867, 382 N.E.2d 1288.) Where an unnamed informant was neither a participant or witness to the offense, it has been held that he is not a crucial witness or source of information for the defense and his identity need not be disclosed. *People v. Gonzalez* (1980), 87 Ill. App. 3d 610, 613, 410 N.E.2d 146, *appeal denied* (1981), 85 Ill. 2d 570; *People v. Gresham* (1981), 96 Ill. App. 3d 581, 585-88, 421 N.E.2d 1053.

Defendant suggests in this case the informant may have acted to lure defendant into committing the offense of delivering drugs to the officer when defendant was not predisposed to do so and thus may have knowledge necessary to offer an entrapment defense to the April 8 transaction, although he was not present. Defendant did not, however, present any reason to the trial court sufficient to require

disclosure of the informant, nor did he claim the informant did anything to induce him to commit the April 8 offense. Defendant offered only speculation for the court's consideration.

The cases cited by defendant in support of his argument that the informant's conduct in the initial drug transaction on March 17 requires that he be considered as a "participant" in the April 8 sale are inapposite. (See *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623; *Gilmore v. United States* (5th Cir. 1958), 256 F.2d 565; *People v. Chaney* (1976), 63 Ill. 2d 216, 347 N.E.2d 138; *People v. Gresham* (1981), 96 Ill. App. 3d 581, 421 N.E.2d 1053.) In each of these cases the informant was either an active participant or witness to the transaction for which the defendant was prosecuted.

We conclude defendant offered no adequate reason to the trial court for requiring disclosure of the identity of the informant, and the court correctly denied his request.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SEIDENFELD, P.J., and UNVERZAGT, J., concur.