THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ISHMAIL SPRAGGINS, Defendant-Appellant.

Third District    No. 3—96—0094

Opinion filed December 30, 1999.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KOEHLER delivered the opinion of the court:

In this case, we are called upon to decide whether the defendant, Ishmail Spraggins, was denied a fair trial when the prosecution, through direct examination of one of its witnesses and then in closing argument, suggested that the defendant threatened prosecution witnesses. Concluding no reversible error, we affirm.

On December 9, 1994, Hector Muriel was shot to death. Following an investigation, defendant Ishmail Spraggins was charged by indictment with two counts of first degree murder and two counts of aggravated kidnaping. Following trial, a jury returned a verdict of guilty as to all counts. After the jury could not unanimously agree to find the defendant death eligible, the Rock Island circuit court sentenced the defendant to a natural life term of imprisonment for murder and a consecutive 30-year term of imprisonment for aggravated kidnaping.

The defendant's sole assignment of error is that the State improperly suggested that the defendant had threatened prosecution witnesses. During its case in chief, the State called Eugene Patterson to testify, *inter alia*, that the defendant, while they shared the same cellblock in the months preceding the defendant's trial, made various admissions to him concerning the murder of Hector Muriel. According to Patterson, the defendant told him specifics about how the crime took place and his motive for the crime.

Also, Patterson testified that the defendant expressed a desire to shoot one witness, Renea Berndt, and at one point sang a rap song in which he substituted lyrics suggesting his intent to kill witnesses against him. Specifically, the following colloquy took place:

"Q. While you were in the cell with him, did he sing a song?

A. Yes, Sir.

Q. Had you heard that song before?

A. Yes, Sir.

Q. How does that song ordinarily go? What are the words to that song?

A. 'Nigger don't believe that song. That nigger's wrong. Gangsters don't live that long.'

THE COURT: Say slower. I can't understand a word of it.

A. 'Nigger don't believe that song. That nigger's wrong. Gangsters don't live that long.'

THE COURT: 'Nigger don't believe—'

A. 'That nigger's wrong.'

Q. 'That nigger's wrong.'

A. 'Gangsters don't live that long.'

Q. 'Gangsters don't live that long.' Is that the way the defendant—

A. Snitches don't live that long.

Q. He said, Snitches don't live that long instead?

A. Snitches."

During closing argument, the State argued:

"The defendant in this case also sang a rap song about how snitches die. He was singing that to Eugene Patterson. He's doing that because he is aware of his guilt. It shows he knows what he's done. Just like the false alibi, he's aware of his guilt in this case. He wasn't in Chicago. He was here. Geno, Cash and Ishmail Spraggins were together on December 9."

The defendant argues that the prosecutor was guilty of misconduct in so questioning and then later in so arguing and asserts that as a consequence he was denied a fair trial. The State responds that the defendant waived his argument by failing to contemporaneously object to the prosecutor's argument and by failing to raise the issue in his posttrial motion.

■ A prosecutor "is given great leeway in closing argument." *People v. Simms*, 168 Ill. 2d 176, 197, 659 N.E.2d 922, 933 (1995). "The prosecutor has the right to comment on the evidence" (*People v. Johnson*, 149 Ill. 2d 118, 145, 594 N.E.2d 253, 266 (1992)) and may argue any logical inference drawn from that evidence. *People v. Peeples*, 155 Ill. 2d 422, 485-86, 616 N.E.2d 294, 323 (1993); *People v. Saxon*, 226 Ill. App. 3d 610, 620, 588 N.E.2d 1235, 1242 (1992).

■ An attempt to intimidate a witness in order to garner favorable testimony is relevant in showing consciousness of guilt of the crime at issue and is admissible in a criminal case. See *People v. Baptist*, 76 Ill. 2d 19, 27-28, 389 N.E.2d 1200, 1204 (1979) (defendant's letter to witness was appropriately allowed into evidence to establish a connection between defendant and shootings of eyewitnesses as relevant in showing consciousness of guilt); *People v. Goodman*, 55 Ill. App. 3d 294, 296, 371 N.E.2d 168, 169 (1977), citing *People v. Gambony*, 402 Ill. 74, 81, 83 N.E.2d 321, 325 (1948) (any attempt by a defendant to conceal or to suppress evidence or obstruct an investigation of an issue, by threats or otherwise, is relevant to the guilt or innocence of the accused; any attempted intimidation of a witness is properly attributable

to a consciousness of guilt and, therefore, testimony relating thereto is relevant and admissible).

■ In the instant case, the circuit court allowed the questioning of Eugene Patterson concerning the defendant's desire and voiced intent to injure witnesses as probative of the defendant's guilt. We conclude that the circuit court erred when it allowed the prosecutor to bring this evidence before the jury and to address it in closing argument.

However, the defendant waived this issue by failing to include it in his posttrial motion. The law is well settled that an issue is waived on review if it is not raised both at trial and in a posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). Here the defendant did not raise the evidentiary issue or the closing argument issue in his posttrial motion. Moreover, he did not object to the prosecutor's comment in closing argument. An allegation that a prosecutor's closing argument was error is waived on appeal if the defendant fails to object to it at trial and raise it in a posttrial motion. *People v. Durham*, 252 Ill. App. 3d 88, 95, 623 N.E.2d 1010, 1015 (1993).

"A reviewing court will examine an issue not properly preserved under the plain error doctrine where the evidence is closely balanced or the alleged error is so fundamental that it denies the defendant a fair trial." *People v. Thomas*, 178 Ill. 2d 215, 235, 687 N.E.2d 892, 900 (1997). Contrary to the defendant's argument, the evidence in this case was not closely balanced. The jury certainly could have found the defendant guilty beyond a reasonable doubt without the testimony of Eugene Patterson regarding Spraggins' song. Patterson earlier testified to other admissions that Spraggins made to him and the record contains additional witness testimony regarding the events leading to the victim's death. Further, the jury had scientific and other corroborative evidence to weigh in reaching its determination on Spraggins' guilt or innocence. Because the evidence was not closely balanced and the jury could have reached the same verdict absent Patterson's testimony and the prosecutor's closing arguments relevant to his testimony, we conclude that the testimony and closing remarks were not so prejudicial, nor the error so fundamental, that their inclusion denied Spraggins a fair trial. We, therefore, determine that the circuit court's ruling did not constitute plain error. Accordingly, we affirm the defendant's conviction and sentence.

Affirmed.

HOLDRIDGE, P.J., and SLATER, J., concur.