THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOM HAYWOOD, Defendant-Appellant.

Fifth District   No. 77-29

Opinion filed July 24, 1978.—Rehearing denied August 28, 1978.

Michael J. Rosborough and Robert E. Davison, both of State Appellate Defender's Office, of Mt. Vernon, and Daryl Blue, Jr., law student, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WINELAND delivered the opinion of the court:

Defendant Tom Haywood appeals from his conviction in the Circuit Court of St. Clair County of the unlawful delivery of more than 30 grams of LSD, a controlled substance. He contends that the unrebutted testimony at trial that an agent of the State supplied him with the substance in question established the defense of entrapment as a matter of law. We agree, and reverse.

The State's evidence was presented through three employees of the Illinois Bureau of Investigation (IBI). Agent Inlow testified that an informant, one Don Zierenberg, had made arrangements for him to purchase LSD from Mr. Haywood. Along with agent Cook they went to Mr. Haywood's home and purchased 1,000 tablets of LSD for $725. Subsequent analysis indicated that the substance contained LSD. On cross-examination, Inlow testified that Zierenberg was a paid informant

whom he had used on several occasions. He admitted that he did not know what had transpired between Haywood and Zierenberg, and did not know whether Zierenberg supplied the drugs to Haywood or not. Zierenberg had admitted to him that he had, upon occasion, sold drugs. Agent Cook's testimony was consistent with that of Inlow. Agent Flynn, a drug analyst, testified as to his analysis of the substance received from Inlow and Cook.

The defendant's wife testified that Zierenberg had brought the LSD to their home earlier on the day of the transaction in question, and that her husband had put it in the refrigerator. Frank Herron, a friend of the defendant, testified that he had been at the Haywood home when Zierenberg brought the LSD. Herron heard Zierenberg tell Haywood that all he had to do was keep the bag in the freezer in return for some money and act as if he was the source of the LSD. Herron was present in the Haywood home later in the day when the two IBI agents returned with Zierenberg and the LSD was transferred from Haywood's refrigerator to Inlow and Cook.

Defendant's motion for a directed verdict on the basis of entrapment was denied, and he was found guilty by the court sitting without a jury. He was sentenced to not less than 4 years and not more than 4 years and one day in the penitentiary.

Section 7—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 7—12) states:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

In many cases in which the defense of entrapment is raised, the reviewing courts are faced with difficult questions as to the defendant's predisposition to commit the offense. We do not think that this is such a case, for the law in this State is settled that a conviction for selling a controlled substance cannot be sustained if the substance has been supplied by the government. (*People v. Spahr,* 56 Ill. App. 3d 434, 371 N.E.2d 1261 (4th Dist. 1978); *People v. Strong,* 21 Ill. 2d 320, 172 N.E.2d 765 (1961).) If the State fails to call an informer to rebut testimony that the informer supplied drugs to the defendant, then the conviction should be reversed. (*People v. Dollen,* 53 Ill. 2d 280, 290 N.E.2d 879 (1972).) This, we think, is precisely such a case. Once the defendant presented some evidence to raise the affirmative defense of entrapment, it became the State's burden to disprove entrapment beyond a reasonable doubt.

354

*(People v. Jensen*, 37 Ill. App. 3d 1010, 347 N.E.2d 371 (1st Dist. 1976).) This the State failed to do, and therefore defendant's conviction must be reversed.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is reversed.

Reversed.

G. J. MORAN and JONES, JJ., concur.