THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY DILLARD, Defendant-Appellant.

Second District  No. 77-426

Opinion filed February 21, 1979.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm R. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Gregory Dillard, was charged by a three-count indictment with unlawfully delivering controlled substances on three separate occasions in violation of section 401(b) of the Illinois Controlled

Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)). He was convicted on all three counts after a bench trial and sentenced to concurrent terms of one to three years imprisonment. His primary contention on appeal is that the trial court erroneously found the affirmative defense of entrapment had not been established.

Detective John Avila testified at trial that he met defendant through an informant, Steven Niro, who had been arrested for shoplifting and subsequently agreed to assist police in making purchases of narcotics. Niro introduced himself to defendant in a tavern and later moved into defendant's apartment where he resided with defendant and another man. Avila testified that on December 8, 1976, he met Niro and drove to the apartment where Niro introduced Avila to the defendant as "Johnny." Avila testified he asked defendant if he had any cocaine for sale and paid defendant $35 for a tinfoil packet he brought out from the kitchen. Avila stated Niro was present when the transaction took place. He also testified that on December 12 he again accompanied Niro to the apartment and there asked defendant what he had for him. Defendant replied he had some heroin and gave Avila four tinfoil packets from a bedside table and accepted payment of $90 from him. Niro again was present during the transaction. Avila further testified that the next day he again entered the apartment while Niro waited in the car outside. Avila said defendant was alone and they discussed some heroin defendant said he had and finally agreed upon a price of $150 for two tinfoil packets which defendant gave to him in exchange for that sum. Niro came into the apartment near the end of the discussion and left with Avila.

Defendant's testimony relating to the three alleged drug sales to Detective Avila differed substantially from Avila's testimony. Defendant said that on December 8 he was at his home when Niro and Avila arrived and that Niro introduced Avila as "Johnny, a fellow junkie." Defendant testified he went upstairs while Niro and Avila went into the kitchen and he denied taking any part in a drug transaction on that occasion. On December 12, defendant testified, he was in bed when Avila woke him up and inquired whether he had anything for him. Defendant stated he directed Avila to an Irish Spring soap container placed in defendant's bedroom by Niro for safekeeping. Avila took the soapbox, leaving money on the bedside table. Defendant further testified Avila said he would pay the rest later and that he never took the money left on the table. Defendant testified that on the December 13 occasion he was watching television with a girlfriend when Avila arrived and asked for "some stuff." He testified Niro had left something for Avila with directions to tell Avila $150 "if he asks the price." Defendant testified he told Avila the price and at that point Niro came into the apartment and defendant and Avila discussed the transaction in the kitchen. Defendant testified Niro called

out to defendant, "Can you take $120?" and he said he responded, "I don't care. It's your stuff. It's your money." Defendant further testified Avila handed him some money which he then gave to Niro.

Prior to trial defendant filed a motion that the State be required to produce the informant or, in the alternative, that the indictment be dismissed and the State responded it did not know where Niro could now be reached. While his last known address was a Chicago drug abuse clinic, Niro had called police from Florida at some time prior to defendant's indictment, but his Florida address was unknown to the authorities. The Assistant State's Attorney also informed the trial court there was a Du Page County warrant outstanding for Niro's arrest on unrelated charges. Defendant's motion was denied. He did not cause a subpoena to be issued for the appearance of the informant, Niro, to testify in trial and Niro did not do so.

Defendant contends first that the trial court erroneously found the defense of entrapment had not been established as to the three charges. Section 7—12 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 7—12) provides that a person "is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person." It is a well-settled rule in Illinois that "one cannot deny the commission of an offense and then at the same time claim entrapment. [Citations.]" (*People v. Bouse* (1977), 46 Ill. App. 3d 465, 473, 360 N.E.2d 1340, 1346; *People v. Gonzalez* (1974), 24 Ill. App. 3d 259, 320 N.E.2d 197.) As to count III of the indictment which charged defendant sold Avila a quantity of cocaine on December 8, 1976, therefore, defendant is precluded from raising the defense of entrapment since he denied at trial he had any part in a drug transaction on that date.

■■ ■ As to counts I and II of the indictment, however, defendant contends he established entrapment because it was unrefuted in trial that the narcotics delivered to Avila on those dates were supplied to defendant by the informant, Niro, who was an agent of the State. In Illinois a conviction for selling controlled substances cannot be sustained if the substance has been supplied by the government. (*People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765.) If the State does not rebut evidence that an informer supplied the drugs involved in the transaction to the defendant, then the conviction cannot stand. (*People v. Dollen* (1972), 53 Ill. 2d 280, 284, 290 N.E.2d 879, 881; *People v. Cross* (5th Dist. 1978), 63 Ill. App. 3d 628, 379 N.E.2d 1319; *People v. Spahr* (4th Dist. 1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261; *People v. Rogers* (3d Dist. 1972), 6 Ill. App. 3d 1092, 286 N.E.2d 365; *People v. Jones* (1st Dist. 1966), 73 Ill. App. 2d 55, 219 N.E.2d 12.) The undenied testimony of the defendant that the drugs he delivered to the officer were supplied to him by Niro was sufficient to raise the

affirmative defense of entrapment and it then became the State's burden to disprove entrapment beyond a reasonable doubt. (*People v. Haywood* (1978), 63 Ill. App. 3d 352, 379 N.E.2d 1317.) The State failed to call Niro as a witness to rebut defendant's testimony in that regard nor was any other evidence presented on that issue.

The State argues that the testimony of defendant need not be accepted as evidence that Niro supplied the drugs and, in fact, the trial court stated it did not believe defendant's story, characterizing him as "the biggest liar I have ever seen in this courtroom." Defendant's testimony did, however, raise the defense of entrapment and, unlike this court's decision in *People v. Waters* (1976), 47 Ill. App. 3d 948, 362 N.E.2d 1157, no evidence was presented by the State refuting defendant's testimony so as to permit the trial court to make a determination of the issue based upon the credibility of the witnesses. While we do not imply that law enforcement officials were involved in any way in providing narcotics to defendant, we conclude, in the absence of any contrary evidence, that his convictions under counts I and II of the indictment must be reversed.

■■ Defendant also contends he was denied his sixth amendment right to confront the witnesses against him because of the State's failure to produce the informant. No evidence was introduced that the State played any part in causing Niro's absence. The authorities were themselves seeking him for other charges pending in Du Page County and they had last heard of his possible location prior to defendant's indictment. Defendant did not seek to subpoena Niro to testify in trial although he was advised to do so by the trial court. In these circumstances, we find defendant was not denied his sixth amendment right to confront witnesses.

For the reasons stated, the judgment of conviction and sentence thereon is affirmed as to count III of the indictment and reversed as to counts I and II.

Affirmed in part; reversed in part.

RECHENMACHER and WOODWARD, JJ., concur.