THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAWN CONTURSI *et al.*, Defendants-Appellees.

First District (4th Division)   No. 77-1640

Opinion filed July 5, 1979.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

George P. Lynch, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendants, Dean and Dawn Contursi, were indicted for the delivery of a controlled substance. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(d).) On defendants' motions, the circuit court of Cook County dismissed the indictments when the State was unable to physically produce an alleged informant for defendants' examination before trial. The State appeals pursuant to Supreme Court Rule 604(a)(1). (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) On appeal, the dispositive issue is, where the State is unable to physically produce an alleged informant, but does disclose the informant's name and last known address, are the defendants' rights under the sixth and fourteenth amendments to the United States Constitution violated.

■■ We conclude the defendants' rights were not violated and, accordingly, we reverse and remand.

Complaints charging both defendants with delivery of a controlled substance were filed on November 25, 1975. The cause was set for preliminary hearing on December 16, 1975. On December 5, 1975, defendants filed motions for the production of an informant or, in the alternative, to dismiss the complaints. Thereafter, defendants were indicted without a preliminary hearing on January 13, 1976, and arraigned on January 26, 1976.

On March 9, 1976, defendants filed motions for discovery, requesting that the State produce all evidence favorable to defendants. On April 6, 1976, defendants requested a preliminary hearing or, in the alternative, dismissal of the indictments, alleging that the denial of a preliminary hearing or a hearing on the motions for production of the informant or to dismiss the complaints was prejudicial. On the same date, defendants again filed motions for the production of the informant or, in the alternative, to dismiss the indictments. Defendants claimed that an unknown informant was present at the time of the alleged drug transactions. Both defendants alleged that it was necessary to interview the informant in order to prepare for trial; that the informant's testimony would indicate that it was the informant's plan to sell the drugs; that the informant negotiated all prices and assisted in the acquisition of the drugs. The motions further alleged that the testimony of the informant would be favorable to defendants, tending to establish their defense of entrapment.

At the November 23, 1976 hearing on defendants' motions to dismiss the indictments, the State offered to disclose to defendants the name and last known address of the informant, but represented that the whereabouts of the informant were not then known. After hearing the arguments of counsel, the trial court ruled that where an informant takes

part in a case, the State's failure to produce the informant in court violates the defendants' sixth and fourteenth amendment rights. The indictments against both defendants were dismissed and the State appeals.

OPINION

The grounds upon which the trial court may dismiss a charge are enumerated in subsections 1 through 10 of section 114—1(a) of the Code of Criminal Procedure of 1963. (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a)(1)-(10).) It is apparent that the trial court's dismissal of the indictments because of the State's failure to produce the informant is not one of the grounds set forth in that section.

In addition to the grounds for dismissal stated in section 114—1(a), the supreme court in *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, held that a trial court had the inherent authority to dismiss an indictment where there had been a denial of due process, even though this basis was not a ground specifically enumerated by statute. The supreme court stated that a trial court is obligated to ensure a defendant a fair trial, and it may impose sanctions, including dismissal of the case, for that purpose. However, the court in *Lawson* cautioned that a trial court should proceed with restraint and not disregard statutory provisions in attempting to justify a dismissal.

██ Under some circumstances due process may require the State to disclose the existence of an informant involved in a narcotics transaction. (*Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623.) In *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685, the Illinois Supreme Court discussed the requirements of disclosure by the State of an informant's identity in narcotics transaction cases. The court adopted the balancing of rights test enunciated in *Roviaro* and quoted the following language from the United States Supreme Court decision:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 628; 57 Ill. 2d 232, 235, 311 N.E.2d 685, 687.)

The balancing of rights test has been employed by the Illinois courts to determine when the State has a duty to reveal the identity of an informant under Illinois Supreme Court Rule 412(j)(ii) (Ill. Rev. Stat. 1977, ch. 110A, par. 412(j)(ii)). (*People v. Perez* (1974), 25 Ill. App. 3d 371, 323 N.E.2d

399.) Here, however, the State does not challenge its obligation to disclose the identity of the informant, but contends that it is not additionally required to physically produce the informant in court for examination by the defendants.

Under the circumstances of this case, we believe that due process does not require the State to produce the informant. The State is willing to supply to the defendants the name and last known address of the informant. The informant's present whereabouts are not known to the State and are not within the State's control. Rules of discovery are not intended to impose an unreasonable burden on the State; such rules do not require that the State prepare the defendants' case. (See, *e.g., People v. Abbott* (1977), 55 Ill. App. 3d 21, 370 N.E.2d 286.) Fundamental fairness does not require that the State maintain physical control over an informant's whereabouts until the time of trial. Nor can it be said that the State's conduct in this case amounts to a suppression of evidence favorable to defendants in violation of the requirements of *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194.

Defendants claim that they were prejudiced in preparing a defense by the State's delay in producing information about the informant. Defendants' first motion for production was filed on December 5, 1975, but the State did not offer to produce the information which they did have about the informant until the hearing on defendants' motions on November 23, 1976. Although we do not condone purposeful inaction by the State, here the delay was partially attributable to the defendants' failure to request a hearing on the motions to produce until one year after defendants were first charged with the offense.

We are of the opinion that the dismissal was improper since it was not based on any of the grounds enumerated in section 114—1(a) and did not constitute a denial of due process under *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244. See also *People v. Lipp* (1978), 63 Ill. App. 3d 1034, 380 N.E.2d 1007.

Accordingly, the order of dismissal is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JIGANTI, P. J., and ROMITI, J., concur.