THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID GONZALEZ, a/k/a Domingo Gonzalez, Defendant-Appellant.

First District (1st Division)    No. 79-1840

Opinion filed August 11, 1980.

Lawrence Wolf Levin and Jaimee H. Levin, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Alfred Petrocelli, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, David Gonzalez, otherwise known as Domingo Gonzalez (defendant), was found guilty of delivery of less than 15 grams of heroin (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b)) and sentenced to 3 years. He appeals.

Officer Michael Ward of the Chicago police department testified he met with Officers John Miller and Cynthia Kane at police headquarters on the evening of January 25, 1978. Officer Miller gave Officer Kane $45 for a controlled drug purchase. Officer Ward then drove to the area of LeMoyne and Campbell, accompanied by Officer Kane and an informant

whose name was not disclosed. Ward parked his car about 50 feet from the front entrance of a corner tavern. The corner was well lighted. Officer Ward observed Officer Kane and the informant cross the street and traverse the sidewalk. They approached another man standing right at the tavern door. Officer Kane spoke to the person in the doorway and the two of them entered the tavern. Officer Ward identified this person as the defendant. Meanwhile, the informant walked about 10 feet to the north of the entrance and spoke with three persons standing there.

About five minutes later, the defendant came out of the tavern and walked south on Campbell Avenue where he entered a building. About one minute later the defendant left this building and returned to the tavern. Some three minutes later Officer Kane left the tavern and returned to the car. She gave Officer Ward two small packets of tan powder. Defendant and the People later stipulated the powder was heroin. Officers Ward and Kane returned to police headquarters.

Defendant brought out on cross-examination of Officer Ward that Officers Ward, Kane, and Miller met with the unnamed informer shortly prior to the purchase of the narcotics. The officer did not recall the informant's last name. No written report of this meeting was made. The informant had received consideration on pending cases as a result of his activities on the date of the arrest. This informant was in fact the person who had driven to the site with Officers Ward and Kane.

Officer Miller testified he drove an unmarked car on the evening in question and parked 100 to 150 feet away from the corner. He saw Officer Kane and the informant walk across the street together. The informant stopped and spoke to several persons who were at the curb some 8 or 10 feet from the tavern entrance. Officer Kane continued to the entrance and spoke to a person standing there. Officer Miller identified the defendant as that person. Officer Kane and defendant entered the bar. The informant never entered, but remained on the corner speaking with the other people. Miller saw the defendant leave the bar and shortly return. From two to four minutes later Officer Kane left the bar and entered the car of Officer Ward. The informant remained near the curb. Miller returned to police headquarters where he received the heroin from Officer Ward.

Officer Cynthia Kane testified she left the car with the informant. Officer Ward remained in the car. As Officer Kane and the informant approached the tavern entrance, she saw a man standing there. She identified this man as the defendant. She also saw two or three people standing at the curb. The defendant said to the informant, "How are you doing?" The informant nodded his head. The informant then continued walking some 8 to 10 feet to where the other people were standing by

the curb. Officer Kane stopped at the tavern entrance face-to-face with defendant.

Defendant said to her, softly, "Do you want a cop?" The witness nodded her head in the affirmative and held up two fingers in front of the center of her chest. Officer Kane testified the phrase he used was a question as to whether she wanted to purchase heroin. Defendant told Officer Kane it would cost $50 "because he had the best dope on the West Side that night." She responded she would give him $45, "and if it was good I'd come back and buy more." Defendant told her to enter the tavern and she followed him in. The bar was well lighted. Defendant went behind the bar for about 6 or 8 feet and then stopped. The witness remained on the customers' side of the bar. Defendant reached under the bar and then stood up. The witness testified that defendant said his stash was all sold out, and he'd have to go home for some more. Defendant told the witness to stay there and he left. In about three minutes he returned. Defendant then gave her two plastic bags filled with tan powder. She gave him $45, thanked him, and left.

The parties stipulated a certain court reporter would testify Officer Kane testified at a pretrial hearing before a different judge that the informant did not give her a description of the defendant. The defendant introduced the arrest warrant, and both sides rested.

## I.

Defendant's first contention revolves about refusal of the court to require the People to disclose the identity of the informer. Prior to trial, counsel for defendant made a motion for disclosure of the identity of the informer. Evidence was heard, and the motion was denied. The case was called for trial before a different judge. Counsel for the defendant again raised the same point. The trial judge pointed out defendant had a right to renew the motion at any time counsel so desired. Counsel for the defendant brought up the issue of identity of the informer on a number of occasions on cross-examination together with the failure of the police officers to make an official report of their conversation with the informer prior to the narcotics purchase. The trial judge denied another motion then made by defendant regarding disclosure of the informer. The motion was denied by the trial judge before and after the testimony of Officer Kane. Defendant urges the informer was a material witness and denial of the motion by the trial court was reversible error.

The background of this issue has been well stated by this court. In *People v. Molsby* (1978), 66 Ill. App. 3d 647, 653, 383 N.E.2d 1336, this court used the following language:

> "In determining whether to order production of an informer, a court must balance the public interest in protecting a free flow of

information against the individual's interest in presenting a defense. [Citations.] In making this balance, the court must consider all relevant factors, including the crime charged, the possible defenses, and the possible significance of the informer's testimony. [Citations.]"

In this regard the pertinent cases are *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, *People v. Chaney* (1976), 63 Ill. 2d 216, 347 N.E.2d 138, and *People v. Lewis* (1974), 57 Ill. 2d 232, 311 N.E.2d 685.

In addition, disclosure of the identity of the informant is the subject of a supreme court rule. Rule 412(j)(ii) (Ill. Rev. Stat. 1979, ch. 110A, par. 412(j)(ii)) provides:

"Informants. Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused. Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial."

Under circumstances in which "the informer's knowledge was potentially significant on the issue of defendant's guilt or innocence," this court has found prejudice to the defendant from denial of production of the informer. (*People v. Perez* (1974), 25 Ill. App. 3d 371, 377, 323 N.E.2d 399.) On the other hand, where the unnamed informant was not "a participant or a witness to the essential elements of the delivery" this court has held "he cannot be deemed a crucial witness or source of information for the defense." (*People v. Hill* (1978), 58 Ill. App. 3d 494, 500, 374 N.E.2d 827, *appeal denied* (1978), 71 Ill. 2d 604.) Thus, disclosure of his identity was not required. Similarly, in *Molsby*, 66 Ill. App. 3d 647, 654, where the informer could not have testified to any facts bearing on the crime charged but "merely provided information" to law enforcement officials, his disclosure was not required.

■■ The instant case is not a situation in which the prosecution has unilaterally decided the matter. On the contrary, this issue was given most careful judicial consideration before and during the trial. The trial court was well aware the informer here did not set up the meeting, he did not participate in sale of the narcotics, he was not present at the sale, and he was not a witness thereto. We find legally proper refusal of the trial court to disclose the identity of the informer.

## II.

Counsel for defendant makes a reasonable doubt argument based upon the alleged insufficiency of the identification of defendant. Able counsel for the defendant attacks the inability of Officer Ward to

determine the color of the defendant's eyes; Ward's testimony that defendant was 24 years old with medium complexion, while his report described defendant as 30 years old with light complexion and brown hair; and the fact that Ward's report showed defendant had scars on his forehead, but Officer Ward did not observe this on the man he saw outside the tavern. The same type of argument is leveled against the testimony of Officers Miller and Kane.

The cases are legion and consistent in teaching us that various discrepancies, omissions, or inaccuracies in identification are generally matters of credibility for the trier of fact. This court may not "substitute its judgment unless the proof is so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to the defendant's guilt." (*People v. Mendoza* (1978), 62 Ill. App. 3d 609, 615, 378 N.E.2d 1318.) Immediately following this statement, the *Mendoza* court set forth approximately three pages of supporting corollaries and a great many citations. We need no further authority to convince us that defendant's argument must necessarily be rejected. In our opinion, the evidence of guilt in this record not only eliminates any reasonable doubt but proves the guilt of the defendant as charged in an overwhelming manner.

### III.

■■ Defendant's final contention is leveled at the closing argument by the prosecution. The State's Attorney in effect denied he and his partner on the case were guilty of any conspiracy, and he stated that if the jury felt he had put his "license on the line," then the jury should find the defendant not guilty. However, the State correctly points out that counsel for defendant previously spoke about mysterious appearance of police reports, mysterious changes of police testimony, the absence of the paid informer, and similar matters. The State urges that counsel for defendant actually provoked the reply to his own improper argument and now claims this reply is error. In our opinion, the State's position is correct. (See *People v. Anderson* (1971), 48 Ill. 2d 488, 498, 272 N.E.2d 18.) In addition, we note the overwhelming quality of the evidence of guilt. It may not be said here that the accused was prejudiced substantially or otherwise by this final argument. *People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200.

One additional factor is pertinent. Before opening statements, the careful trial judge advised the jury that such statements were not evidence. Similarly, before the final argument of counsel, the trial court told the jury that remarks by counsel were not evidence like the testimony and exhibits. In addition, the trial judge gave the jury Illinois Pattern Jury Instructions, Criminal, Nos. 1.01 and 1.03 (1968). All of these measures

"reduced the chance the comment[s] would have any prejudicial effect on defendant's right to a fair trial." *People v. Olejniczak* (1979), 73 Ill. App. 3d 112, 123, 390 N.E.2d 1339.

The judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.