THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGORY WOODS, Defendant-Appellant.
Third District    Nos. 3—87—0449, 3—87—0571 cons.

Opinion filed August 4, 1989.

BARRY, J., dissenting.

Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Masters, State's Attorney, of Joliet (John X. Breslin and Walter P. Hehner, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:
A jury found the defendant, Gregory Woods, guilty of the offenses of armed violence and unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2; ch. 56½, par. 1401(c)). The trial court sentenced him to two concurrent 14-year terms of imprisonment. The defendant appeals.

Prior to trial, the defendant moved for disclosure of the name and address of the informant who tipped off the police about the defendant's drug activities. At the hearing on the motion, the prosecutor stated that the informant's only role in the offenses was to introduce the defendant to an undercover police officer. The prosecutor further stated that the informant was not present when the defendant sold the drugs to the officer. The trial court denied the motion.

On the day set for trial, the court stated that it had viewed two confidential police reports *in camera* to determine whether they should be disclosed to the defendant. The reports, which are part of the record on appeal, stated that Jerry Stevenson was the informant who told the police that the defendant sold cannabis and cocaine. The reports further stated that Stevenson had introduced the defendant to undercover officer Kevin McCarthy. The trial court did not disclose to the defendant any information found in the reports.

The defendant subsequently moved for a continuance. Prior to trial, the defendant had served a subpoena on Jerry Stevenson. On the day set for trial, defense counsel learned that Stevenson would not honor the subpoena. Defense counsel therefore requested a continuance in order to secure Stevenson as a witness. In an affidavit accompanying the motion, the defendant alleged that Stevenson had supplied the drugs that the defendant sold to Officer McCarthy. The prosecutor argued that the defendant's attempt to subpoena Stevenson was improper and presented an affidavit from Stevenson in support of his argument. In the affidavit, Stevenson stated that he had been out of the State from April 8 to June 30, 1986, the period in which the alleged offenses occurred. Stevenson further stated that during that time he had not contacted the defendant in order to induce him to sell drugs. The trial court denied the motion for a continuance and entered a rule to show cause why Stevenson should not be held in contempt of court.

At trial, Officer McCarthy testified that a confidential informant had introduced him to the defendant on April 3, 1986. The informant told the defendant that he was leaving town and that he was giving the defendant his customers. He further told the defendant that McCarthy was interested in buying something. McCarthy then told the defendant that he was "looking for a gram." The defendant replied that McCarthy should contact him later at his home.

McCarthy stated in court that he tried to contact the defendant several times but was unable to do so. On April 8, 1986, he received a message that the defendant had called him. When he returned the call, the defendant offered to sell him one-eighth of an ounce of co-

caine. On April 9, 1986, the defendant sold him a substance containing cocaine.

McCarthy further testified that approximately one week later he tried to contact the defendant. The defendant returned his call and McCarthy asked him if he could purchase another eighth of an ounce of cocaine. The defendant said that he could probably sell him the drug. On April 22, 1986, the defendant sold McCarthy a substance containing cocaine. McCarthy then gave a prearranged signal and the other police officers in the area arrested the defendant. When they patted him down, they found a knife in the defendant's pants pocket.

Officer McCarthy testified that the informant was paid for each introduction that led to a drug purchase or an arrest. He did not know how much the informant had been paid in this case but said that the usual amount was $100 for an introduction.

The defendant testified that Stevenson had introduced him to McCarthy. After being introduced, the defendant said that he did not sell drugs. Stevenson responded that the defendant knew people who did. According to the defendant, Stevenson also said that he had shown McCarthy the defendant's house. Stevenson urged the defendant to do something for McCarthy if he should come by. Stevenson further told the defendant that McCarthy's father had a roofing business and that the defendant probably could get a job if he helped McCarthy.

The defendant admitted that he sold cocaine to McCarthy on April 9 and April 22. He said that he did so to stop McCarthy from coming around his house. The defendant also stated that Stevenson provided the drugs that he sold to McCarthy. The defendant denied having been involved in a previous drug transaction. Subsequent testimony established, however, that in 1981 the defendant had been convicted of unlawful delivery of cannabis.

The defendant argues on appeal that the trial court erred in refusing to order disclosure of the informant's name and address. The State contends that the trial court properly refused to order disclosure.

■ An important factor in deciding whether to disclose an informant's identity is whether the informant was a participant or a witness to the charged offense. (*People v. Thornton* (1984), 125 Ill. App. 3d 316, 465 N.E.2d 1049.) Even if the informant is not present at the alleged offense, his identity should be disclosed if he played an important role in setting up the offense. *People v. Raess* (1986), 146 Ill. App. 3d 384, 496 N.E.2d 1186.

■ In the case at bar, the informant introduced the defendant to the undercover officer and encouraged him to sell drugs to the officer.

Moreover, the defendant asserted that the informant supplied the drugs that were sold to the officer. Consequently, the informant's testimony was material to the defendant's entrapment defense. (*People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812.) We therefore find that the trial court erred in failing to order disclosure of the informant's name and address.

Although the defendant had subpoenaed Stevenson and attempted to bring him to trial, the failure to disclose Stevenson as the informant was not harmless error. Had disclosure been made and the defendant had all the proper facts before him, he could have moved for the State to produce Stevenson for trial. *People v. Stumpe* (1979), 80 Ill. App. 3d 158, 399 N.E.2d 292.

The order of the circuit court of Will County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

WOMBACHER, P.J., concurs.

JUSTICE BARRY, dissenting:

I would affirm the circuit court of Will County in this cause, and, therefore, I must dissent.

A careful review of the record discloses a number of relevant facts omitted from the majority opinion. Defendant testified that the informant, Jerry Stevenson, had given him two packets of cocaine before he introduced defendant to McCarthy, the police officer. Defendant said that the informant instructed him to sell the cocaine to McCarthy for him so that McCarthy would not know the informant was dealing. Defendant also said that, at the time of the introduction, the informant urged defendant to do what he could for McCarthy because McCarthy could get defendant a good construction job if he was pleased with defendant. Defendant further testified that the informant said he was leaving town, and defendant did not mention seeing the informant again. Defendant also stated that after the first sale, he gave the money to the informant's "old lady," who said she knew where the informant was and that he had not gone out of town as everyone thought.

Defendant and McCarthy both testified about negotiations for a big sale of cocaine which occurred after the first sale. According to McCarthy, defendant said he could get two ounces for a price of $2,000 and that his "connection" wanted the money up front. Defendant says he quoted a price of $4,000 and did not mention a connec-

tion. Defendant testified that he never intended to make such a sale but rather hoped to steal the money from McCarthy. The sale never took place.

The informant was served with a defense subpoena, and according to the process server's return, the informant has had a "sex change" operation and is now Jenny Stevenson. Documents in the record indicate that the informant came to the office of defense counsel shortly before trial to state that he/she knew nothing about the transactions involved in this case. The informant also went to the State's Attorney's office the same day and signed an affidavit stating that he/she had been out of Illinois from April 8 to June 30, 1986, and had no contact with defendant during this time period.

Accompanying the motion for continuance was defendant's answering affidavit which did not deny any of the informant's assertions but instead recited that he believed the informant would testify that he furnished the drugs and solicited defendant to deliver them. Defendant's trial testimony, of course, indicates that this happened before defendant had been introduced to McCarthy. The informant's affidavit only refers to the informant's lack of involvement *after* McCarthy was introduced to defendant, not before. These facts do not provide much basis for finding an entrapment defense.

However, even if entrapment were properly at issue, I cannot agree that the failure of the State to reveal the informant's name was prejudicial error. Defendant knew the informant's name and had him/her served with a subpoena. In addition, the informant actually came to defense counsel's office prior to trial. Thus, defendant would have gained no advantage from disclosure that he did not already have of his own knowledge. Of course, the witness declined to appear at trial, but defendant does not demonstrate how pretrial disclosure by the State of a name and address already known by defendant would have helped defendant.

Similarly, defendant does not establish how he would have been aided by a continuance. The majority cites *People v. Stumpe* for the proposition that defendant could have moved for the State to produce the informant if the State had disclosed his/her identity, but that case was one involving a question of whether the testimony of the informant, whose identity had previously been disclosed, would be favorable to the defendant. The court found it would not and noted that the burden of producing the witness would have been on the State had the defendant established the relevance and materiality of the missing witness. In the case at bar, the witness is not "missing" or unknown. He/she was known by defendant, was found by a process server, ap-

peared in counsel's office, but nonetheless declined to appear for trial. Whatever the remedy should be for the informant's refusal to testify, I cannot see how a pretrial order of disclosure or a continuance would have benefitted defendant in this case. Hence, the error asserted by defendant was harmless, and I would affirm defendant's conviction.