(No. 69199.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant and Cross-Appellee, v. GREGORY WOODS, Appellee and Cross-Appellant.

*Opinion filed November 30, 1990.*

MILLER, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield, and Edward A. Burmila, Jr., State's Attorney, of Joliet (Kenneth R. Boyle, John X. Breslin, and Gary F. Gnidovec, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Frank W. Ralph, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee and cross-ap-

pellant.

JUSTICE STAMOS delivered the opinion of the court:

Following a jury trial in the circuit court of Will County, defendant, Gregory Woods, was convicted on two counts of unlawful delivery of a controlled substance and one count of armed violence (based on one of the unlawful-delivery counts). (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2; ch. 56½, par. 1401(c).) Defendant was sentenced to a term of 14 years' imprisonment for armed violence and unlawful delivery, a concurrent term of 14 years' imprisonment for the other count of unlawful delivery, and a street-value-based fine for unlawful delivery.

Defendant appealed, and the appellate court, with one justice dissenting, reversed and remanded, holding that the trial court erred in denying defendant's motion to require State disclosure of an informant's name and address. (186 Ill. App. 3d 488.) We granted the State's petition for leave to appeal (107 Ill. 2d R. 315(a)). In his brief as appellee, defendant seeks relief as cross-appellant (107 Ill. 2d R. 318(a)). For the following reasons, we affirm the judgment of the appellate court.

## FACTS

One week before trial, defendant moved that the State be required to disclose (1) the name and address of its informant and (2) the address of Jerry Stevenson, whom defendant alleged he had been unable to find and whose address defendant said he believed was within the State's knowledge. The informant had introduced defendant to an undercover police officer; according to defendant, the informant had encouraged him to sell drugs to the officer; and, after the hearing on his motion to require disclosure of the informant's identity, defendant swore in an affidavit and later testified at trial that

the informant had supplied the drugs that defendant admitted selling to the officer.

Two days before trial, Stevenson, who defendant says was the informant, was served by a deputy sheriff with a defense subpoena at an address different from the one furnished to the sheriff by defendant. On the day of trial Stevenson failed to appear. Stevenson's refusal to appear had been presaged by statements made when, after being served with the subpoena, Stevenson visited defense counsel's office while defense counsel was absent. After leaving defense counsel's office, Stevenson then visited the State's Attorney's office, where he executed an affidavit at the prosecution's request, denying that he had been in Illinois when the unlawful deliveries charged against defendant occurred. The prosecutor assured the trial court that, when Stevenson visited the State's Attorney's office, Stevenson was cautioned to comply with the subpoena. Upon Stevenson's failure to appear, defendant moved for a body attachment and a continuance to obtain his attendance. The trial court denied the motion, though the court entered a rule to show cause why Stevenson should not be held in contempt.

The appellate court held that the informant's testimony would have been material to an entrapment defense by defendant and that the trial court erred in refusing to require disclosure of the informant's identity. The appellate court further held that, even though defendant himself had procured service of a subpoena on the acknowledged informant, the error was not harmless, because defendant was prejudiced by the trial court's refusal; defendant, rather than rely on an unavailing subpoena, could have moved for the State to produce the informant at trial if the State had been required to disclose the informant's identity. 186 Ill. App. 3d at 491.

The dissenting appellate court justice was of the opinion that no entrapment defense had been properly raised and that, in any event, defendant had not been prejudiced by failure to disclose the informant's identity, because defendant knew the informant's name, defendant had obtained service of a subpoena upon the informant, and the informant had visited defense counsel's office shortly before trial to deny knowledge of any of the transactions at issue. On similar grounds, the dissenting justice also maintained that defendant had not shown how a continuance would have aided him. 186 Ill. App. 3d at 492-93 (Barry, J., dissenting).

We shall refer to other facts of the trial court proceedings as they become relevant.

## ANALYSIS

### I

The State contends here that the appellate court erred in holding that the trial court incorrectly denied defendant's motion for disclosure of the informant's identity, because the basis for defendant's motion—an asserted entrapment defense—was too vague and uncertain. The State says that evidence at the hearing on the motion showed that the informant merely introduced defendant to the officer but did not participate in, witness, or play an important role in arranging the criminal transactions. The State adds that, at the hearing, defendant did not testify that the informant had supplied the drugs that defendant sold to the officer but that defendant so testified only later at trial.

In addition, the State says that evidence at trial showed that defendant was predisposed to sell drugs to the officer, which, if true, would vitiate an entrapment defense. In support of its predisposition argument, the State cites a 1981 conviction of defendant on a drug

charge, asserts that defendant was familiar with drug terminology, and asserts that it was established at trial that, when defendant was arrested in the present cause and again when he was arrested on a subsequent charge of intimidation, cannabis was discovered on his person.

Defendant replies that at the hearing on his motion he actually raised an entrapment defense and spelled out the informant's role in it. Defendant acknowledges that the informant was not an actual participant in or witness to the unlawful delivery but asserts that the important point is the extent to which the informant facilitated and perhaps induced it.

The record on appeal discloses that at the hearing on his disclosure motion, held on the day before trial, the parties agreed that defendant no longer needed State disclosure of *Stevenson's* address, because Stevenson had now been served. However, defense counsel argued that it was necessary for the defense to know the *State informant's* name in order that the defense might call him as a witness, since the State did not intend to call him.

In response to questioning by the trial judge regarding the materiality of the informant's identity to an entrapment defense, counsel stated that the unlawful delivery was not made to the informant but that the informant's role was to introduce the undercover police officer to defendant. The prosecutor, agreeing that the informant had made the introduction, added that he was not sure whether a drug purchase was made during the introduction. Defense counsel then explained that under his theory of entrapment, defendant would not have delivered drugs unlawfully had the informant not introduced defendant to an undercover police officer and persuaded him to deliver the drugs shortly thereafter despite his expressed unwillingness to do so. The State responded that if anyone had pressured defendant to deliver drugs unlawfully, defendant would know such a per-

son's identity without disclosure by the State of its informant's name. In reply to the trial judge's questions, the prosecutor said that the informant had introduced defendant to the police officer on an occasion prior to and separate from the unlawful delivery rather than contemporaneously with it, though defense counsel urged the trial court to view the separate occasions as connected by a thread of informant introduction and persuasion (*cf., e.g., People v. Gaytan* (1989), 186 Ill. App. 3d 919, 925-26; *People v. Thornton* (1984), 125 Ill. App. 3d 316, 317-19 (cases in which no sufficient showing of "thread" was made)). (We note that, later at trial, the undercover officer testified that when he was introduced to defendant by the informant, the informant broached to defendant the subject of selling drugs to the officer. The officer testified that, among other statements, the informant had told defendant that the informant was leaving town and was giving defendant the informant's customers, including the officer.)

After defense counsel's argument on his disclosure motion, the trial judge then said that he was going to deny the motion, adding that defense counsel could renew it because "I am not saying that we're going to decide this once and for all," but that "I can't see where the defendant's constitutional right to a fair trial and the scenario that you offer is prohibited by failure to disclose the name of the informant."

Defense counsel replied that because Stevenson (the witness whom he subpoenaed) had visited his office but refused to testify, he had no way of knowing whether Stevenson had been the informant, and the only way of determining this would be through the State's disclosure of its informant's identity. Counsel added that it was possible the defense would wish to call the informant as a witness in rebuttal of police testimony. The judge repeated that the motion was denied but that it could later

be renewed in the event such rebuttal testimony should be needed. Defense counsel then suggested defendant might wish to call the informant as a hostile witness, but the trial judge reiterated his denial of the motion.

Defendant now acknowledges that Stevenson and the informant were actually the same person and that defendant knew and at one time had worked for Stevenson. However, defendant says this fact did not relieve the State of any obligation to disclose its informant's identity. Defendant adds that it is not clear from the record whether defendant was aware while preparing for trial that his proposed witness Stevenson and the informant were one and the same and that, if defendant had no such knowledge, the State was obliged to make him aware. (See *People v. Chaney* (1976), 63 Ill. 2d 216, 227.) Defendant contends the State's obligation to disclose its informant's identity was even greater here because, while he was preparing for trial and unsuccessfully attempting to find Stevenson, the State, but not he, knew Stevenson had undergone sex reassignment surgery since the criminal events and was now living as a woman named Jennie Stevenson, so that defendant could be expected to encounter difficulty in determining Stevenson's whereabouts.

Defendant also replies that, if he is to be presumed to have known Stevenson was the informant, the State's privilege to withhold the informant's identity was not even available, because the privilege's rationale of protecting prosecutorial secrets would have ceased to apply. *Roviaro v. United States* (1957), 353 U.S. 53, 60 & n.8, 1 L. Ed. 2d 639, 644-45 & n.8, 77 S. Ct. 623, 627 & n.8; *People v. Lewis* (1974), 57 Ill. 2d 232, 237; *People v. Avery* (1978), 61 Ill. App. 3d 327, 333.

Despite the State's contention that defendant failed to testify at the hearing on his disclosure motion that the informant had supplied him with drugs, defendant

asserts that, when he moved for continuance immediately before trial began in order to secure Stevenson's attendance as a witness, he filed an affidavit stating that Stevenson had supplied the drugs and induced him to deliver them to the officer. Defendant argues that this filing and his previous testimony at the hearing were enough to raise the entrapment defense. *People v. Wielgos* (1989), 190 Ill. App. 3d 63; *People v. Raess* (1986), 146 Ill. App. 3d 384.

Defendant replies to the State's predisposition argument by saying that a five-year-old 1981 conviction on which the State relies was for delivering a lesser amount of a less serious form of contraband (cannabis) than is involved in the present cause.

As did the appellate court, defendant points out that, if the State had been required to disclose its informant's identity, defendant could have moved for the informant's production at trial and then moved for dismissal if the informant were not produced. (*People v. Holmes* (1990), 135 Ill. 2d 198; *People v. Stumpe* (1979), 80 Ill. App. 3d 158.) Defendant also contends the State has never asserted that danger to the informant or harm to an ongoing investigation would have resulted from disclosure of the informant's identity.

We first note this court's Rule 412(j)(ii), which states that, if an informant is not to be called as a State witness, "[d]isclosure of an informant's identity shall not be required *where his identity is a prosecution secret* and a failure to disclose will not infringe the constitutional rights of the accused." (Emphasis added.) (107 Ill. 2d R. 412(j)(ii).) As a general rule of Federal constitutional law, the government's privilege to withhold its informant's identity is no longer applicable if the identity has already been disclosed "to those who would have cause to resent the communication." *Roviaro v. United States*

(1957), 353 U.S. 53, 60 & n.8, 1 L. Ed. 2d 639, 644-45 & n.8, 77 S. Ct. 623, 627 & n.8.

There is no fixed rule as to when an informant's identity must be disclosed, and the decision will be made on the circumstances of each case, by balancing the public interest in protecting informants against the right of an accused to prepare a defense. (*Roviaro*, 353 U.S. at 62, 1 L. Ed. 2d at 646, 77 S. Ct. at 628-29.) However, at least when an informant is alleged to have participated in, witnessed, or helped to arrange the criminal events and disclosure of the informant's identity will not jeopardize health and safety, the privilege to withhold the informant's identity will generally give way to the defendant's right to prepare a defense by obtaining access to the informant. (*People v. Chaney* (1976), 63 Ill. 2d 216, 225-26; *People v. Lewis* (1974), 57 Ill. 2d 232, 235-37.) Disclosure may be required even while withholding the informant's true name and address in the interest of safety. *Lewis*, 57 Ill. 2d at 237; *People v. Forsythe* (1980), 84 Ill. App. 3d 643, 645.

This is so, regardless of whether the State plans to call the informant as a witness, because—especially when a defendant "will already know the informer by sight and may already know him or her by [an] assumed name"—"it is unfair to refuse to afford a defendant the opportunity of deciding for himself whether or not the informer could provide testimony helpful to the defense. To deny access to the informer in such circumstances is to deny" sixth amendment rights. (*Lewis*, 57 Ill. 2d at 237.) Moreover, if an informant's identity has already been disclosed " 'to those who would have cause to resent the communication, the privilege is no longer applicable.' " *Chaney*, 63 Ill. 2d at 225, quoting *Roviaro*, 353 U.S. at 60, 1 L. Ed. 2d at 645, 77 S. Ct. at 627.

In the present cause, proceedings in the trial court and the parties' briefs here establish that Stevenson was

the informant and that, at least by the time the State's case was presented at trial, this fact (though perhaps not Stevenson's current name or sex) was known to defendant. At trial, the undercover officer described his introduction to defendant in such a way that defendant must have known the identity of the person whom the officer was describing. Moreover, because this officer was present when defendant was arrested, defendant must have already realized at the time of arrest who had introduced him to the officer. In fact, defendant expressly testified that it was Jerry Stevenson who introduced him to the officer.

Since defendant already knew that Stevenson was the informant, it is evident that defendant's attempt to effect State disclosure of the informant's identity on the record was not actually intended for defendant's enlightenment but in order that, as a matter of law, defendant might be aided in procuring Stevenson's attendance at trial or in overcoming Stevenson's unwillingness to testify. Nevertheless, any such defense motive would not in itself defeat any right of defendant to disclosure of the informant's identity. On the contrary, under both Rule 412(j)(ii) and *Roviaro*, such failure of the informant's identity to constitute a prosecution secret would tend to defeat the State's privilege of nondisclosure. In that event, preexisting knowledge by defendant of the informant's identity might affect the question whether nondisclosure prejudiced defendant but would not govern whether disclosure should have been made. See also *People v. Avery* (1978), 61 Ill. App. 3d 327 (where defendant was longtime acquaintance of informant, knew he was informant, and needed his testimony to establish defense but prosecution obstructed defendant's attempt to find informant, privilege of nondisclosure was inapplicable).

Whether or not defendant was aware of the informant's identity, the Supreme Court has said:

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense *** or is essential to a fair determination of a cause, the privilege must give way. ***

***

*** Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 60-62, 1 L. Ed. 2d at 645-46, 77 S. Ct. at 628-29.

In other words, considerations of fundamental fairness may overcome the State's privilege against disclosing an informant's identity (*People v. Elvart* (1989), 189 Ill. App. 3d 524, 533; *People v. Raess* (1986), 146 Ill. App. 3d 384, 389), as, for example, when the informant has participated in, witnessed, or helped to set up the criminal occurrence and has not been merely a tipster (*People v. Chaney* (1976), 63 Ill. 2d 216, 225-26; *Elvart*, 189 Ill. App. 3d at 533; *Raess*, 146 Ill. App. 3d at 390-91). "The test is whether the defendant's need for the identity of the informant in preparing his defense outweighs the public's interest in protecting the informant's identity." *Elvart*, 189 Ill. App. 3d at 533.

Here, since (as both parties concede) defendant already knew the informant's identity, there was little or no public interest in shielding it. Defendant needed formal State disclosure of the informant's identity not in order to know whom he had to question but so that he might be assisted in discovering the informant-witness' whereabouts, securing the informant's attendance at trial, or neutralizing the informant's hostility as a witness. In addition, if he were able to elicit the witness' testimony that the witness had participated materially at the State's behest in setting up, inducing, or consummating the unlawful delivery, State disclosure that the wit-

ness was the informant might enable defendant to perfect an entrapment defense. In any event, State disclosure that the witness was the informant would add weight to whatever value the informant-witness' testimony might have to defendant in contradiction or impeachment of the State's witnesses.

Thus, defendant clearly had a need for the informant's identity to be disclosed, and any public interest in shielding it failed to outweigh defendant's need for it. The State has offered no circumstantial rationale for shielding the informant's identity, such as anticipated danger. Moreover, any showing of defendant's predisposition so as to defeat an entrapment defense would necessarily occur at trial, not at the discovery hearing, and defendant need not have rebutted an assertion of predisposition at that hearing.

This is not a case like *People v. Thornton* (1984), 125 Ill. App. 3d 316, *People v. Rendfeld* (1986), 148 Ill. App. 3d 95, or *People v. Elvart* (1989), 189 Ill. App. 3d 524, in which defendants failed to offer sufficient foundation for an entrapment defense, nor is it a case like *People v. Gonzalez* (1980), 87 Ill. App. 3d 610, in which the informant neither set up the meeting nor participated in the sale. Here, defendant furnished an affidavit prior to opening statements (though after his disclosure motion had been denied with leave to renew) in which he contended that his missing witness (*i.e.*, the informant, as both State and defendant agree) would be obliged to testify to having been a police agent, to having solicited defendant to deliver drugs unlawfully, and to having actually furnished the drugs that defendant subsequently sold to the police officer. As *Rendfeld* acknowledged, whether an informant "was working with law-enforcement people would bear upon the defense of entrapment." (*Rendfeld*, 148 Ill. App. 3d at 101.) Defendant's submission certainly represented "some evidence" suffi-

cient to raise the entrapment defense. (See *Raess*, 146 Ill. App. 3d at 391-92.) Therefore, we believe that the trial court erred in denying defendant's motion for disclosure of the informant's identity.

## II

The State also contends that, even if the trial court erred in failing to require State disclosure of its informant's identity, the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) The State argues that when defense counsel orally moved the trial court for a continuance and for a body attachment of defendant's witness Stevenson after Stevenson's refusal to appear pursuant to his subpoena, counsel was unable to articulate what Stevenson's testimony would be. Accordingly, says the State, the trial judge denied the motion for continuance and a body attachment, being unable to discern that the witness' testimony would be material to any entrapment defense. The State adds that defendant failed to establish how the State's failure to reveal its informant's name prejudiced him, because defendant already knew that the informant was his own subpoenaed witness, and the informant had actually visited defense counsel's office after the subpoena was served.

The State disagrees with the appellate court's view that, if the State had been required to disclose its informant's identity, the rule of *People v. Stumpe* (1979), 80 Ill. App. 3d 158, might have resulted in a State obligation to produce the informant. The State advances two grounds for this argument: the informant was already under a defense subpoena, and defendant could not articulate what the witness or informant's testimony would be. The State asserts it would have been unfair to require the State to produce an informant whose identity

was already known to defendant and who was already under a defense subpoena to testify.

Defendant replies by citing the "crucial fact" that he had unsuccessfully attempted to find his potential witness prior to trial in order to interview him and obtain his testimony. Defendant asserts that, unknown to him (apparently until after trial began, when the sheriff's written return of subpoena service became available), the witness had undergone sex reassignment surgery and was now living under a new identity, so that defendant had not had full access to the witness whose testimony he deemed critical. The transcript of proceedings discloses that defense counsel informed the trial court that, when the witness did visit defense counsel's office one or two days before trial after being subpoenaed, counsel was absent and so could not interview the witness, but the witness displayed hostility to office personnel and indicated an intent not to appear or cooperate. Accordingly, says defendant, he was denied his constitutional right to present his defense when the State denied him information crucial to that defense: the name and address of the State's informant.

The transcript of proceedings reveals that, when asked by the trial judge to articulate what the witness Stevenson's testimony would be, defense counsel replied that without access to a police report regarding the informant, he was unsure of all the testimony the informant-witness would offer about his conversations with police officers but that the witness would testify to what role he had in inducing defendant to sell drugs. The prosecutor then told the court he might be willing to stipulate to the witness' contacts with *defendant* prior to the criminal transactions but defense counsel should first articulate what the witness' testimony regarding such contacts would be, rather than speculating what the witness' testimony would be regarding conversations with *police* that the prosecutor

termed irrelevant to an entrapment defense. Defense counsel responded that the witness' contacts with police, especially if he were considered a police agent, would be relevant to an entrapment defense. Throughout the proceeding, the trial judge evinced a view that, as the witness or informant's proposed testimony was orally described by defense counsel, the testimony regarding events, such as inducement, allegedly occurring on dates other than the dates of unlawful delivery had not been shown to be material to an entrapment defense. Accordingly, and because defense counsel had presented no written motion accompanied by an affidavit setting forth factually what the missing witness would testify to, the judge denied defendant's oral motion for a continuance and a body attachment to secure Stevenson's attendance.

Later on the same day, before opening statements, the trial court allowed defense counsel to file a written motion for continuance, supported by defendant's affidavit. Defendant stated in the affidavit, among other things, that the witness Stevenson would have to testify that Stevenson had supplied defendant with the drugs defendant later sold to the police officer. Defense counsel brought this portion of the affidavit to the trial judge's attention. However, the judge expressed the view that in several respects the affidavit was insufficiently factual in describing what Stevenson would testify to. In particular, the judge observed that the statement that Stevenson would have to testify to supplying the drugs failed to specify where, when, how, and in what amount Stevenson would have to testify that the drugs were supplied. The judge then denied defendant's written motion for continuance but entered a rule upon Stevenson to show cause for failure to appear pursuant to the subpoena.

Despite the State's contention that defense counsel was unable to articulate what the subpoenaed witness-informant's testimony would be, it is clear that, at least by

the time the written continuance motion and supporting affidavit were filed, counsel had sketched the outlines of the proposed testimony. His inability to offer more detail is understandable in light of the uncontradicted fact that he had previously been unable to interview the proposed witness—as he says, because he had been unaware of the witness' full current identity and because, upon visiting counsel's office while counsel was absent, the witness had displayed an unwillingness to cooperate.

The fact of previous unwillingness, of course, did not necessarily mean that once confronted with the court's contempt powers and sworn as a witness, the witness would persist in refusal to testify. Thus, it is shortsighted, at best, for the State (and the trial judge) to assert that even if the State had disclosed that Stevenson was the informant, there would be no way of forcing Stevenson to testify or admit any involvement in the unlawful delivery. Had Stevenson been sworn as a witness, defendant would have faced the risk that Stevenson would choose to be found in contempt or to invoke his privilege against self-incrimination in order to avoid testifying, but the State's position was to deny defendant even the opportunity to take that risk.

In any event, whether defense counsel had articulated the proposed witness-informant's testimony sufficiently to obtain a continuance is a separate question from whether defendant was entitled to disclosure of the informant's identity in the first place. Whether counsel was entitled to a continuance is also a separate question from whether defendant was prejudiced by the State's refusal to disclose.

If defendant's only course after State disclosure would have been to subpoena the informant fruitlessly, as defendant did in this cause, perhaps defendant would have suffered no prejudice from nondisclosure. However, if the State had disclosed that the witness and informant

were the same person, defendant would have had a much stronger argument for securing an immediate body attachment of the informant in order to secure his attendance to testify. In addition, as the appellate court correctly noted, defendant would have been in position to move for the State itself to produce the informant to testify, regardless of the informant's willingness to comply with a defense subpoena.

Though the State contends that, in light of the requirements established by *Stumpe*, 80 Ill. App. 3d 158, defendant would never have been able to prevail on a motion to produce the informant, neither the State nor we can confidently make that assumption at this stage. Had the State disclosed its informant, and had defendant moved for the informant's production, and had the State then demonstrated inability to produce the informant despite a good-faith effort, we are unable to say that defendant would have been unable to prove clearly and convincingly that the unavailable informant's testimony would raise a reasonable doubt as to the State's case. See *Stumpe*, 80 Ill. App. 3d at 163.

In passing, we note that this is not a case like *People v. Contursi* (1979), 73 Ill. App. 3d 458, in which the State was prepared to disclose an informant's name and last known address but was unable to produce the informant because the informant's present whereabouts were unknown and not within the State's control. Accordingly, the *Contursi* court held that failure to produce the informant did not deny the defendant due process. (73 Ill. App. 3d at 461.) In the present cause, the whereabouts of the witness-informant were known at least to the deputy sheriff, and there was no showing that the State lacked such knowledge or could not control the informant, whereas it is apparent that defendant was unaware of the witness-informant's whereabouts until after trial had be-

gun and that he had no control whatever over the informant.

In the present cause, defendant was left in the position of (1) being unable to secure the informant's testimony as a mere witness, because the witness refused to obey the subpoena; (2) being unable to secure a continuance in order to pursue the witness, because (as defendant asserts) pretrial noncooperation by the witness, nondisclosure by the State, and unawareness by defendant had prevented counsel from acquiring enough knowledge of the proposed testimony to satisfy the trial court that a continuance was necessary; and (3) being unable to require the informant's testimony as an informant, because the State refused to acknowledge who its informant was. We believe that this amply demonstrates prejudice to defendant by reason of the trial court's error in denying his disclosure motion.

### III

As cross-appellant, defendant contends that the trial court abused its discretion in denying him a continuance for the purpose of securing attendance by his subpoenaed witness, who he says was the only person who could have verified his asserted reluctance to become involved in the unlawful delivery. However, in view of our decision that the trial court committed reversible error in denying defendant's motion for disclosure of the informant's identity, we need not address the continuance issue.

Accordingly, the judgment of the appellate court, reversing the judgment of the circuit court of Will County and remanding the cause for a new trial, is affirmed.

*Judgment affirmed.*

JUSTICE MILLER, dissenting:

I do not agree with the court's conclusion that the trial judge committed reversible error in failing to allow

the defendant's motion seeking disclosure of the informant's identity. For that reason, I respectfully dissent.

The majority acknowledges that defense counsel did in fact know in advance of trial that the defendant's acquaintance Stevenson acted as the confidential informant in this case. (139 Ill. 2d at 378-79.) Nonetheless, the majority believes that the State was required to formally disclose those facts to the defense and, moreover, that a new trial is necessary because the trial judge failed to grant the defendant's request for that information. As I shall demonstrate, any error accruing from the trial court's refusal to order formal disclosure of the informant's identity could only have been harmless.

The identity of a confidential informant is ordinarily privileged. Discussing the circumstances when disclosure may be required, the Supreme Court has stated:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (*Roviaro v. United States* (1957), 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 628-29.)

Thus, disclosure of an informant's identity is ordered not for its own sake but so that an accused may prepare a defense.

Assuming that the present defendant was entitled to disclosure of the informant's identity, I do not believe that he could have been prejudiced by the trial court's refusal to order that the information be revealed. The majority fails to explain what additional information the defense would have acquired from formal disclosure of the inform-

ant's identity. As the record demonstrates, and the majority acknowledges (139 Ill. 2d at 378-79), before trial, defense counsel was aware of Stevenson's role in the offense and of his identity as the informant. Defense counsel's explanation of the entrapment defense illustrates fully his understanding of Stevenson's involvement. Indeed, the defendant intended to call Stevenson as a witness at trial, and Stevenson was served with a subpoena to that effect. There is no contention here that Stevenson's failure to comply with the subpoena was attributable in any way to the conduct of the prosecution. Formal disclosure of the informant's identity would not have provided any information that the defense did not already have, and the defendant could not have been prejudiced by the trial court's failure to grant his motion seeking that relief.

Thus, even if the informant's identity were not privileged and would be subject to disclosure, the circumstances in the present case demonstrate that the defendant already had the information he was seeking. On this record, any error in failing to order disclosure of the informant's identity must certainly have been harmless. In similar circumstances other courts have found nondisclosure of an informant's identity to be harmless error (see, e.g., Williams v. Brown (5th Cir. 1980), 609 F.2d 216, 220-21; People v. Jarrett (1965), 57 Ill. App. 2d 169; State v. Chambers (Utah 1985), 709 P.2d 321; State v. Haverty (W. Va. 1980), 267 S.E.2d 727) and I would reach the same conclusion here.

Nor can it be said that the State was obliged to produce the informant, once it became evident that he would not comply with the defendant's subpoena. Relying on People v. Stumpe (1979), 80 Ill. App. 3d 158, the appellate court believed that requiring the prosecution to disclose the informant's identity would have also placed on the State the responsibility of ensuring the inform-

ant's appearance at trial. Such a burden should not be imposed here, for the defendant already knew the informant's identity and the individual was under subpoena, issued at the defendant's request. The informant was equally available to both parties, and the State should not be held to the duty of securing the informant's attendance at trial simply because the informant failed to comply with the subpoena issued at the defendant's behest. Because the informant had already been located and served, the State was not required to undertake its own efforts at producing him for trial. *Cf. People v. Holmes* (1990), 135 Ill. 2d 198 (informant could not be located).

In the present case, the defendant already had the information he was seeking from the State and, moreover, had in fact subpoenaed the informant to appear as a witness at trial. I would hold that any error arising from the failure to order formal disclosure of the informant's identity was harmless and that the State was not required to ensure the informant's presence at trial, once it became clear that he would not comply with the subpoena that had already been issued.